**UNITED STATES of America,**
**Plaintiff,**

v.

**Jean Joseph TONARELLI, Defendant.**

**Crim. No. 77-71.**

United States District Court,
D. Puerto Rico.

Oct. 5, 1971.

Julio Morales Sánchez, U. S. Atty., San Juan, P. R., for plaintiff.

Nachman & Feldstein, San Juan, P. R., for defendant.

**ORDER**

TOLEDO, District Judge.

On September 17, 1971, a hearing was held in the above entitled case in which,

defendant's attorney, through oral motion and without opposition from the plaintiff, requested that the Motion of July 20, 1971 to dismiss Count One of the Indictment in the case of Andree Josette Gayraud, Criminal No. 76–71, be considered as being filed also in this case, since both indictments arose principally out of the same facts and the offenses charged are identical in each Indictment with the exception that the defendants are different.

The Court, after considering defendant's motion made on July 20, 1971, in the case of Andree Josette Gayraud as also being made in this case, and after due deliberation, hereby finds that defendant's motion for dismissal of Count One of the Indictment is without merit.

Defendant argues that Count One substantially charges the defendant with importation of a prohibited controlled substance while Count Two charges the defendant with possession on board a vessel of the same prohibited controlled substance. That being the case, defendant alleges that Count One is incompatible with Count Two in that either the controlled substance is brought or possessed on board a vessel or it is imported into the customs territory of the United States from a place outside the United States. Thus, defendant argues that if he imported, he could not possess on board a vessel any controlled substance or in the alternative, if he did possess on board a vessel, then he could not have imported into the customs territory of the United States.

Defendant's argument must fall because it tends to over-simplify certain element of each offense and completely ignores the rest of the elements that go to make each of the Two Counts of the Indictment.

Count One of the Indictment charges:

"On or about the 29th day of May, 1971, in the District of Puerto Rico and within the jurisdiction of this Court, Jean Joseph Tonarelli, the defendant herein, knowingly and intentionally did import approximately 9,425.6 grams of heroin, a schedule I controlled substance, into the customs territory of the United States from Barcelona, Spain, via Curacao, Netherlands, West Indies, a place outside such territory, contrary to Title 21, United States Code, Section 952(a)."

The First Count of the Indictment charges a violation of Title 21, United States Code, Section 952(a), which makes it unlawful to import into the customs territory of the United States from any place outside thereof any controlled substance in schedules I or II of Title II of the Comprehensive Drug Abuse, Prevention and Control Act of 1970, or any narcotic in schedules III, IV or V of Title II, supra.

Sub-section (a) (1) and (2) of Section 952 contains exceptions to the prohibitions of the first paragraph.

Title 21, United States Code, Section 951(a) (1) defines "import"—as meaning the bringing in or introducing of an article into any area without regard to whether such activity constitutes an importation within the meaning of the Federal Tariff Law. Thus, it would seem that the intent of Congress here, would be a desire to remove from the word "import" any of the restrictions which had been previously placed upon such word under the many cases decided in the course of the years under former Section 174, Title 21, United States Code and which had resulted in much confusion.

Title 21, United States Code, Section 951(a) defines the phrase "customs territory of the United States" as having the meaning given by the general headnote 2 to the Tariff Schedule of the United States (Title 19, United States Code 1202), i. e., such phrase encompasses "only the States, the District of Columbia and Puerto Rico."

Thus, we see that the word "import", as now defined, has a much broader

meaning than previously given by former judicial interpretation under the former Section 174, Title 21, United States Code.

The new definition does not accord to the limited definition of importation that the defendant suggests.

Count Two of the Indictment charges a violation of Title 21, United States Code, Section 955. This section makes it unlawful for any person to bring or possess on board any vessel, aircraft or any vehicle of a carrier, arriving in or departing from the United States, a schedule I or II controlled substance or a schedule III or IV narcotic unless such substance is entered in the cargo manifest or is part of official supplies.

It becomes evident when reading Count One and Count Two in conjunction with the respective sections of the Comprehensive Drug Abuse, Prevention and Control Act of 1970, that there are separate and distinct elements to be proven in each of the offenses charged, thus the defendant's alleged incompatibility does not exist.

Under former Section 174 of Title 21, United States Code, not only the illegal importation of a narcotic substance was regulated, but also the transportation, receipt, the sale, purchase, the concealment and in any manner, the facilitation of the transportation and concealment of any narcotic drug. Thus, under one section, Congress established a number of separate and distinct offenses. If such was the case under former Section 174, supra, more so it should be under the present Comprehensive Drug Abuse, Prevention and Control Act of 1970. Here Congress chose to separate provisions of law to establish the offenses that could be committed thereunder.

Wherefore, in view of the foregoing, defendant's Motion of July 20, 1971, must be and is hereby denied.

It is so ordered.