See also, D.C., 336 F.Supp. 1084.

**UNITED STATES of America,**
**Plaintiff,**

v.

**Jean Joseph TONARELLI, Defendant.**

**Crim. No. 77-71.**

United States District Court,
D. Puerto Rico.

June 28, 1972.

---

Juan M. Perez-Gimenez, U. S. Atty., for the District of Puerto Rico, San Juan, P. R., for plaintiff.

Gustavo A. Gelpi, San Juan, P. R., for defendant.

### ORDER

TOLEDO, District Judge.

Defendant Jean Joseph Tonarelli pleaded guilty to Counts One and Two charging that defendant had violated Sections 952(a) and 955 of Title 21, United States Code. He was sentenced on January 28, 1972 to fifteen years on Count One and the same sentence for Count Two, each term to run consecutively to the other. On January 30, 1972, defendant filed a Motion to Withdraw Plea of Guilty and Memorandum in Support, requesting that he be allowed to withdraw his plea of guilty.

Defendant's basic contention is that Rule 32(d) of the Federal Rules of Criminal Procedure permits a withdrawal of a plea of guilty after sentencing in order to avoid manifest injustice to the defendant. We are requested to accept the view that the imposition of consecutive sentences for violations of Sections 952(a) and 955 of Title 21, United States Code, constitutes double jeopardy, thus creating a situation in which mani-

fest injustice exists. Defendant, a Frenchman, also alleges that his unfamiliarity with our constitutional and procedural system of criminal law, when added to the double jeopardy situation described above, warrants a withdrawal of his plea.

Count One states that:

"On or about the 29th day of May, 1971, in the District of Puerto Rico and within the jurisdiction of this court, Jean Joseph Tonarelli, the defendant herein, knowingly and intentionally did import approximately 91,425.6 grams of heroin, a schedule I controlled substance, into the customs territory of the United States from Barcelona, Spain, via Curacao, Netherlands, West Indies, a place outside such territory, contrary to Title 21, United States Code, Section 952(a)."

Count Two charges that defendant "knowingly and intentionally did bring and possess contrary to Title 21, United States Code, Section 955, approximately 91,425.6 grams of heroin, a schedule (1) controlled substance on board a vessel, that is, the Spanish motor vessel Satrustegui, then arriving into the customs territory of the United States, said substance not then being a part of the cargo entered in the manifest for, or part of the supplies of said vessel."

■ The rule to determine whether or not double jeopardy lies when a single act is said to permit convictions under two separate statutes, was stated in Morey v. Commonwealth, 108 Mass. 433: "A single act may be an offense against two statutes; and if each of the statutes requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

In Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489 (1910), convictions under an ordinance prohibiting drunkenness and rude and boisterous

language were held not to constitute double jeopardy when accused was subsequently tried under another ordinance for insulting a public officer, although the latter charge was based on the same conduct and language as the former. The Court held that they constituted separate offenses and required separate proof to convict.

■ In Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), Section 1 of the Narcotic Act created the offense of selling any of the forbidden drugs except in or from the original stamped package. Section 2 created the offense of selling any of such drugs not in pursuance of a written order of the person to whom the drug was sold. The Court citing with approval the rule established in *Morey*, supra, stated:

"Each of the offenses created requires proof of a different element. The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." See also: United States v. Visonti, 261 F.2d 215 (2 Cir., 1958), cert. den. 359 U.S. 954, 79 S.Ct. 743, 3 L.Ed.2d 762; Bins v. United States, 331 F.2d 390 (5 Cir., 1964), cert. den. 379 U.S. 880, 85 S.Ct. 149, 13 L.Ed.2d 87.

The *Blockburger* test has subsequently been applied and affirmed in Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958) and in Harris v. United States, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597 (1959).

Section 952 of Title 21, U.S.C.A., states that it is "unlawful to *import* into the customs territory of the United States" a schedule I controlled substance. Section 955 states that it shall be unlawful for any person to "bring or possess on board any vessel or aircraft, or on board any vehicle of a carrier, *arriving in* or departing from the United States or the customs territory of the United States" a schedule I controlled substance.

Section 951 provides a definition of the term "import.":

"(a) For the purposes of this subchapter—(1) The term 'import' means, with respect to any article, any bringing in or introduction of such article into any area (whether or not such bringing in or introduction constitutes an importation within the meaning of the tariff laws of the United States)."

■ The defendant in the present case was accused under the indictment relating to Section 955 with bringing and possessing a schedule I controlled substance on board a vessel then *arriving into* the customs territory of the United States. It seems quite clear, that were the government to establish all of the elements which constitute a violation of Section 955, no further proof would be necessary to also establish a violation of Section 952 or importation of a schedule I controlled substance. As stated in *Blockburger*, supra, the test to be applied to determine whether there are two offenses or only one, is whether *each* provision requires proof of a *fact* which the other does not.

Nothing in the legislative history of the Drug Control Act, Public Law 91–513, (See: 1970 U.S.Code Congressional and Administrative News, pp. 4637–4647) convinces us that under the facts alleged under both indictments both statutes do not, in essence, penalize importation as defined in Section 951. If it were the legislative intent in framing Section 955 to penalize only possession on board a vessel, aircraft or other vehicle of a carrier, then the requisite that such vehicle arrive into the customs territory of the United States would not have been included. We can only speculate as to the true purpose of Section 955, which may have been to penalize

that special type of importation which involves the use of the vehicles described in the statute.

In the absence of a clear expression of a legislative intent constitutionally distinguishing both offenses, and adequate judicial authority doing so, we are inclined to interpret Section 955 in favor of the defendant.

We expressly revoke any inconsistencies between our present decision and our order dated October 5, 1971 and reported in United States v. Tonarelli, 336 F.Supp. 1084 (D.C., 1971). We feel it would constitute a manifest injustice to hold defendant Tonarelli to his guilty plea in view of the fact that a multiple count indictment stated but a single offense. Gilinsky v. United States, 335 F.2d 914 (9 Cir. 1964). The fact that certain portions of our previous order may have misled the defendant and his counsel to plead guilty to both counts, warrants our finding that in order to avoid manifest injustice under Rule 32(d) of Federal Criminal Procedure, 18 U.S.C.A., Leonard v. United States, 231 F.2d 588 (5 Cir., 1956); United States v. Arredondo, 447 F.2d 976 (5 Cir., 1971), we permit a withdrawal of his guilty plea with respect to Count One, which constitutes a violation of Section 952(a) of Title 21, United States Code, and we hereby revoke our sentence imposed on defendant with respect to this Count, including the special parole term.

We uphold our sentence with regards to Count Two, that is, the violation of Section 955, Title 21, United States Code, to which defendant pleaded guilty, and disallow his request to withdraw his guilty plea with respect to this count of the indictment, specially in view of the fact that when such guilty plea was entered, defendant was adequately represented by counsel, was apprised of his constitutional rights and of the possible consequences of his plea, and voluntarily expressed his desire to so plead.

It is so ordered.