**J.W. HENRY, Petitioner-Appellant,**

v.

**Sheriff Gerald T. McFAUL,
Respondent-Appellee.**

No. 85–3846.

United States Court of Appeals,
Sixth Circuit.

Submitted April 4, 1986.
Decided May 21, 1986.

Stephen Walker, Cleveland, Ohio, for petitioner-appellant.

James R. Columbro, Cleveland, Ohio, for respondent-appellee.

Before MARTIN and GUY, Circuit Judges, and REED, District Judge.*

PER CURIAM.

Petitioner Henry appeals from the district court denial of a petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2254. Henry sought by the petition to preclude his prosecution for the attempted murder of a Cleveland police officer, upon the contention that such prosecution would be violative of the fifth amendment's double jeopardy prohibition made applicable to the States by the fourteenth amendment to the United States Constitution. In the district court, the petition was initially referred to a magistrate, and we take the statement of facts from his report:

On February 22, 1981, Henry became embroiled in a high-speed chase beginning in the Village of Bratenahl and ending in the City of Cleveland. That incident began when a car, later determined to be driven by petitioner, was observed stopped in the westbound right-hand lane of four lanes of traffic on I–90 in Bratenahl by the village police officer Timothy Coughlin. Officer Coughlin thought the driver might need assistance, and pulled his cruiser up behind the car. Henry then pulled his car over to the berm. The officer followed, and as he left his cruiser and walked towards Henry's car the petitioner quickly pulled back into traffic and sped away.

Officer Coughlin pursued the fleeing vehicle west on I–90 beyond the Bratenahl-Cleveland border, then south on I–71 in Cleveland to the Abbey Road exit, and through the industrial area known as the Flats to West 25th and Washington, where Cleveland police had set up a roadblock. The chase reached speeds of up to ninety-five (95) miles per hour in Bratenahl, although Officer Coughlin estimated that speeds in Cleveland on I–90 reached one hundred fifteen (115) miles per hour. During the chase petitioner and Officer Coughlin weaved in and out of what was described as "moderate" traffic. The chase ended at West 28th and Detroit, a short distance beyond the roadblock, with the crash of the petitioner's car and his arrest.

The Cleveland police roadblock consisted of a marked police patrol car positioned so as to block most of the street,

---

* Honorable Scott Reed, United States District Court, Eastern District of Kentucky, sitting by designation.

with a police officer stationed at either end of the cruiser. Henry swerved to avoid hitting the patrol car, narrowly missing one of the officers, Patrolman Michael Beamon, who fortuitously jumped out of the way at the last moment.

Henry was charged by Bratenahl police with Operating a Motor Vehicle Without Due Regard for the Safety of Persons or Property (Reckless Operation) in violation of O.R.C. § 4511.20; Speeding (95 miles per hour in a 55 m.p.h. zone) in violation of Bratenahl Codified Ordinance § 333.03; and Fleeing and Eluding a Police Officer in violation of Bratenahl Codified Ordinance § 303.01.

These charges were called for trial in the Cleveland Municipal Court, which has jurisdiction within the Village of Bratenahl, O.R.C. § 1901.02. The prosecution put on its case in chief, at the conclusion of which petitioner entered a no contest plea and was found guilty of the several charges.

Petitioner was also indicted in the Common Pleas Court of Cuyahoga County for attempted murder in violation of O.R.C. §§ 2903.02 and 2923.02. That charge is premised upon the narrow miss of Officer Beamon at the roadblock in Cleveland.

■ Petitioner moved to dismiss the indictment in the trial court on grounds of former jeopardy. That motion was denied, and the denial upheld in the Ohio Eighth District Court of Appeals with further review denied by the Ohio Supreme Court, and a petition for a writ of certiorari denied by the U.S. Supreme Court, *Henry v. Ohio,* 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983). It is not clear from the parties' submissions whether petitioner has been tried and convicted in the state court. This, however, is not a critical consideration for the reason that habeas corpus will lie to challenge a pending state charge upon double jeopardy grounds, provided that such challenge has been presented to, and denied by the state courts in advance of trial. *Gully v. Kunzman,* 592 F.2d 283, 286–87 (6th Cir.1979).

(App. 21–23.) (footnotes omitted.)

On appeal, Henry states the issue as follows: "Whether double jeopardy precludes prosecution for an offense which requires proof previously employed to obtain convictions on related charges arising from the same single series of events." (Appellant's Brief at ii.) As he did in the district court, Henry places his principal reliance on appeal on *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). Both the magistrate and Judge White carefully reviewed Henry's contentions against the backdrop of *Vitale* and found them lacking. We reach the same conclusion and affirm.

The question presented in *Vitale* was "whether the Double Jeopardy Clause of the Fifth Amendment prohibits the State of Illinois (State) from prosecuting for involuntary manslaughter the driver of an automobile involved in a fatal accident, who previously has been convicted for failing to reduce speed to avoid the collision." *Id.* at 411. The Illinois Supreme Court had answered this question "yes." The majority opinion in *Vitale,* however, vacated the judgment of the Illinois Supreme Court and remanded for further proceedings.

The Illinois Supreme Court had relied primarily on *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), which held that a conviction for a lesser-included offense precludes later prosecution for the greater offense. The Court, in *Vitale,* relying on the *Blockburger* test,[1] stated that it was not clear that the Illinois Supreme Court directly addressed the issue of

---

1. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), held that " '[t]he applicable rule is where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.' " (quoting from *Gavieres v. United States,* 220 U.S. 338, 342–43, 31 S.Ct. 421, 422–23, 55 L.Ed. 489 (1911)).

whether proof of reckless homicide by vehicle will always establish the defendant's guilt of the traffic offense as well. The majority in *Vitale* goes on to note that "[t]he mere possibility that the State will seek to rely on all of the ingredients necessarily included in the traffic offense to establish *an element* of its manslaughter case would not be sufficient to bar the latter prosecution." 447 U.S. at 419, 100 S.Ct. at 2666–67 (emphasis added).

■ Returning to the case at bar, our starting point is that the Ohio appellate courts have determined that the traffic offenses of which Henry was convicted are not lesser included offenses of attempted murder. We are bound by that decision. *Illinois v. Vitale,* at 416, 100 S.Ct. at 2265. Thus, the rationale of *Brown* is inapplicable here.

■ Applying the *Blockburger* test, as the Court did in *Vitale,* to the facts here, it is clear that the offense of attempted murder [2] requires the proof of facts not required in connection with the local ordinance violations that Henry plead to and vice versa. Murder is defined by the Ohio statutes as: "No person shall purposely cause the death of another." [3] The obvious essential element of this offense is to "purposely cause the death of another." This is certainly not an element in the offenses of reckless operation of a motor vehicle, speeding, or fleeing and eluding a police officer. It is equally obvious that speeding, recklessly operating a motor vehicle, or fleeing and eluding a police officer are not necessary elements in a murder prosecution. Thus, the application of the *Blockburger* test dictates a finding of no double jeopardy.

Henry attempts to argue around *Blockburger* and come within *Vitale* or *Brown* by pointing out that the traffic citations issued refer to an event that started in Bratenahl but ended up in Cleveland. Thus, Henry argues that the traffic offenses included the running of the roadblock in Cleveland and the alleged attempt to run down a police officer. We adopt Magistrate Perelman's refutation of this argument as stated in his report and recommendation:

> The complaints clearly state "in the Village of Bratenahl ... (you) committed the following offense." Two of the complaints are based solely on violations of Bratenahl ordinances. Petitioner's speeding charge was based on speeding 95 m.p.h. within the Village's 55 m.p.h. zone, and not on his speed of up to 115 m.p.h. within the City of Cleveland's 55 m.p.h. zone. As to the reckless operation charge under the Ohio Revised Code, Officer Coughlin's trial testimony shows that the petitioner's conduct within the corporate limits of Bratenahl was clearly reckless, such as parking in the right-hand lane of traffic, and weaving in and out of traffic.
>
> It is clear that the traffic offenses are "separate" from the attempted murder offense under the *Blockburger* standard. None of the events that occurred in Bratenahl need to be proved to support a conviction for attempted murder, and petitioner's culpability for the traffic offenses with which he was charged in Bratenahl could be established without reference to the events which took place in Cleveland. While a description of the events in Bratenahl would explain how petitioner came to be confronted by a Cleveland police roadblock, this evidence is not at all necessary for a conviction of attempted murder.

(Appendix at 25.)

---

**2.** Ohio Revised Code § 2903.02 (murder) § 2923.02 (attempt).

**3.** This "definition" is really more of a prohibition than a definition. In order to put the definition in proper perspective, one needs to read the companion sections which define voluntary manslaughter (§ 2903.03), involuntary manslaughter (§ 2903.04), negligent homicide (§ 2903.05), aggravated vehicular homicide (§ 2903.06), and vehicular homicide (§ 2903.07).

**52**

Accordingly, the decision of the district court is AFFIRMED.[4]

**4.** Although petitioner has predicated his arguments on appeal primarily on *Vitale*, a more compelling argument can actually be constructed from the concurring opinion of Justices Brennan and Marshall in *Brown v. Ohio*, 432 U.S. 161, 170, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187 (1977), where Justice Brennan stated:

> I adhere to the view that the Double Jeopardy Clause of the Fifth Amendment, applied to the States through the Fourteenth Amendment, requires the prosecution in one proceeding, except in extremely limited circumstances not present here, of "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe v. Swenson*, 397 U.S. 436, 453–54, and n. 7, 90 S.Ct. 1189, 1199, 1200 and n. 7, 25 L.Ed.2d 469 (1970) (Brennan, J., concurring).

However, Justice Brennan's proposition has never been adopted by a majority of the court. Additionally, it is clear that *Brown* is a "lesser included offense" case, and we are not dealing with that here. Some confusion is understandable, however, since the later *Vitale* case references *Brown* as a mere reaffirmation of the *Blockburger* test when, in fact, *Brown* states that "[t]he *Blockburger* test is not the only standard for determining whether successive prosecutions impermissibly involve the same offense. Even if two offenses are sufficiently different to permit the imposition of consecutive sentences, successive prosecutions will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first." 432 U.S. at 166–67 n. 6, 97 S.Ct. at 2225–26 n. 6. *Vitale* is also made difficult to understand in light of *Brown*, since, in *Vitale*, the Illinois Supreme Court did find that lesser included offenses were involved in the first prosecution, a finding that was binding on the United States Supreme Court and would apparently put the facts squarely within the *Brown* rationale.

Reliance on *Vitale* is also further complicated by the fact that in *Thigpen v. Roberts*, 468 U.S. 27, 104 S.Ct. 2916, 82 L.Ed.2d 23 (1984), Justice Rehnquist, who was part of the majority in *Vitale*, wrote:

> The Court of Appeals apparently felt that the *Vitale* opinion changed governing double jeopardy law to permit a defendant to establish a substantial, and apparently dispositive, claim of double jeopardy merely by showing that the State actually relied upon the same evidence to prove both crimes. While there is one sentence in the Court's opinion in *Vitale* that supports this construction, I do not believe that construction is consistent with the opinion as a whole.

> \* \* \* \* \* \*

> But I am reasonably sure that the Court did not intend to transmute the traditional double jeopardy analysis from an either "up or down" inquiry based on the evidence required to prove the statutory elements of a crime into a "substantial claim" inquiry based on the evidence the State introduced at trial. I think that there are ambiguities in *Illinois v. Vitale* which urgently need resolution by this Court.

*Id.* at 104 S.Ct. 2921, 2922 (Rehnquist, J., dissenting).

These concerns are not troubling here, however. The Supreme Court division appears to be between the justices who would more or less literally apply the *Blockburger* test and those justices who want to engraft a strong "fair play" connotation to the fifth amendment double jeopardy clause. Here there are no aggravated or egregious circumstances suggesting that a defendant is being made to run a judicial gantlet.