**RALPH SHRADER, INC., a Michigan corporation, Plaintiff–Appellant,**

**v.**

**DIAMOND INTERNATIONAL CORPORATION, a Delaware corporation, and American Can Company, a New Jersey corporation, Defendants–Appellees.**

**No. 86–1987.**

United States Court of Appeals, Sixth Circuit.

Argued Sept. 29, 1987.

Decided Nov. 24, 1987.

Rehearing and Rehearing En Banc Denied Jan. 14, 1988.

John C. Patrick, Southfield, Mich., Michael G. Vartanian, Ryan Husaynu, argued, Michael F. Schmidt, Detroit, Mich., for defendants-appellees.

James W. Batchelor, Grand Rapids, Mich., for plaintiff-appellant.

Before KEITH, MILBURN, and NORRIS, Circuit Judges.

MILBURN, Circuit Judge.

Plaintiff-appellant Ralph Shrader, Inc. ("Shrader") appeals the district court's grant of summary judgment in favor of defendant-appellee American Can Company ("American") in a Michigan diversity action for damages arising out of breach of contract. For the reasons that follow, we reverse and remand the case to the district court.

## I.

Plaintiff Shrader is the developer and manufacturer of certain petroleum-based automotive maintenance products, especially carburetor cleaner. Shrader's products are marketed under various labels and are packaged in aerosol cans. The aerosol cans Shrader used are purchased from various companies, and in times past Shrader has purchased cans from defendant American.

Prior to 1978, all of the cans produced by American, as well as by other can manufacturers, were sealed by use of a soldered seam. The cans were packaged by Shrader by filling the can with Shrader's product, sealing a cap onto the can, then adding a propellant through an aerosol valve to pressurize the can. Shrader used Freon 12 as the propellant for all the cans it packaged.

In the fall of 1977, American and other can manufacturers switched from soldered seam cans to welded seam cans. American advised Shrader that the welded seam resulted in a stronger can which was somewhat less expensive. As soldered seam cans became unavailable, Shrader switched to the welded seam cans.

In December 1978, the federal government banned the use of Freon 12 as a propellant in pressurized products. Consequently, Shrader began using nitrous oxide as its propellant. As Shrader had been aware for quite some time that such a ban would be imposed, it had done considerable testing of nitrous oxide as a propellant. Such testing, however, was done in soldered seam cans.

Sometime in 1978, Shrader became aware that the welded seam cans using nitrous oxide as a propellant were subject to explosion. It has since been determined that the cans may burst due to increased pressure. This appears to be the result of a long-term

chemical reaction with the welded seam. Shrader initiated a recall campaign of the faulty cans in 1980.

On December 23, 1981, Shrader filed an action against two of its can suppliers (Diamond International and Crown Cork & Seal).[1] American was joined as a defendant in September of 1983. Shrader's complaint against American alleged causes of action for breach of implied warranty, negligence, and failure to properly design, manufacture, and test the cans. Shrader sought approximately $2,000,000 in damages.

Upon being added as a defendant, American filed a motion for summary judgment in which it insisted that a provision on the back of its acknowledgement form reduced the period of limitations from four years, see M.C.L. § 440.2725(1), to two years, and, further, that as Shrader knew of the problem with the cans since 1979, Shrader's claims were time-barred. Additionally, American relied on a provision on the back of its acknowledgement form excluding claims for consequential damages.

Shrader argued in response that under M.C.L. § 440.2207 (Uniform Commercial Code ("UCC") section 2–207, otherwise known as "the battle of the forms" provision), the clauses in American's acknowledgement form were not part of the agreement between the parties. Alternatively, Shrader argued that American's acknowledgement form was an acceptance of Shrader's offer to purchase, but yet stated terms which materially altered Shrader's offer, and thus those terms were not part of the contract under M.C.L. § 440.2207(2).

In granting defendant American's motion for summary judgment, the district court found that as a matter of law the acknowledgement form, and all its terms, were part of the contract. Under the district court's analysis of UCC § 2–207, it found that the acknowledgement was a "definite and seasonable acceptance," and that the "additional" terms stated in American's acknowledgement automatically became part of the contract. See UCC § 2–207(2). The district court also found Shrader and American were both merchants, and that the terms in the acknowledgement form did not materially alter the offer. This timely appeal followed.

On appeal, American relies on the two aforementioned clauses in its acknowledgement form in support of the district court's decision. First, as to the clause shortening the period of limitations to two years, it should be noted that under the UCC the period of limitations is normally four years. See M.C.L. § 440.2725(1). However, the clause on American's acknowledgement form provided, "On all claims buyer must initiate legal action against supplier within two (2) years after the claim arises, and thereafter all claims shall be barred notwithstanding any statutory period of limitations to the contrary." The UCC does allow parties to reduce the period of limitations by agreement. UCC § 2–725(1). Shrader, however, argues this clause is not part of the contract.

Second, as to the clause in American's acknowledgement form excluding recovery of consequential damages, it should be noted that the UCC generally provides that consequential damages are available for breach of warranty. See M.C.L. § 440.2714(3). Again, however, such damages may be excluded by agreement. In its acknowledgement form, American stated: "[I]f supplier is liable to buyer for breach of ... warranty and any actionable negligence of supplier, [such] liability on any claim, whether in tort or in contract, shall not exceed the cost to buyer of the faulty goods and any materials packed therein." This language was set out in block and capitals. To give effect to this clause would limit recovery against American for any breach by it to only the cost of its goods and any harmed product.

Shrader argues that these clauses are not part of the contract because American's acceptance was conditional only under UCC § 2–207(1). In its acknowledge-

1. The claims against Diamond International and Crown Cork & Seal have been settled, leaving American as the sole defendant.

ment form, American provided that it would accept only on the terms contained in its acknowledgement form. The form contained the following clause:

> The terms set forth on the reverse side are the only ones upon which we will accept orders: These terms supersede all prior written understandings, assurances and offers. Your attention is especially directed to the provisions concerning warranty and liability of supplier and claims procedure. In any event, these terms shall become binding on both parties upon your acceptance of our first delivery of any goods specified herein, or upon commencement of manufacturing operations. Advise us immediately if anything in the acknowledgement is incorrect or is otherwise unacceptable.

This clause was contained on the bottom of the acknowledgement form and was also written in capitals.

## II.

Under the Federal Rules of Civil Procedure, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The Supreme Court has recently stated that the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). In the present case, we note that if American's acknowledgement form controls, summary judgment was proper. In reviewing a motion for summary judgment, however, all inferences " 'must be viewed in the light most favorable to the party opposing the motion.' " *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)).

The full text of M.C.L. § 440.2207 is as follows:

(1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, *unless acceptance is expressly made conditional on assent to the additional or different terms.*

(2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:

(a) the offer expressly limits acceptance to the terms of the offer;

(b) they materially alter it; or

(c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

(3) Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of this act. (Emphasis supplied).

Shrader argues on appeal that this case is covered solely by UCC § 2–207(1) and that UCC § 2–207(2) is inapplicable.

UCC § 2–207(1) provides as a general rule that an acceptance is effective although it states terms which are additional to or different from those in the offer. Yet 2–207(1) contains a proviso: an acceptance is not effective if the acceptance is expressly conditional on assent. In such a case one must determine whether assent exists.

American first raises as a procedural matter that this court should not hear this argument since it was not raised below. "The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases." *Singleton*

*v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976).

We have held that we will not review an issue not raised in the district court. *Bannert v. American Can Co.,* 525 F.2d 104, 111 (6th Cir.1975), *cert. denied,* 426 U.S. 942, 96 S.Ct. 2662, 49 L.Ed.2d 394 (1976). Yet American's reliance on *Bannert* is misplaced. In that case, suit was brought by a former employee against American Can seeking relief from the company's annuity board's decision to terminate the employee's right to a portion of his retirement benefits. *Id.* at 105. At oral argument, counsel suggested the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.,* was controlling. In *Bannert,* the court requested briefs on the statute, but concluded it would not be proper to pass on the application of the statute since it was not raised in the district court.

In the present case, the very issue presented to the district court was the meaning and application of UCC § 2–207.[2] The parties conceded there, as they have in this appeal, that UCC § 2–207 controls the outcome of this case. No new statutory schemes are raised on appeal. The issue before us is the same as the issue presented to the district court; *viz.,* the interpretation of the parties' form and the application of UCC § 2–207. We therefore deem it proper to proceed to construe the application of UCC § 2–207 to determine whether or not it was proper for the district court to have granted summary judgment.

### A.

Shrader argues that under the proviso of UCC § 2–207(1) the terms in American's acknowledgement form are only part of the contract if Shrader assented to them. Under the proviso of UCC § 2–207(1) we must determine: (1) what language is required to make an acceptance conditional, and (2) what is the nature of the term "assent" under Michigan law.[3]

First, we conclude the acceptance of American Can was conditional. The exception in UCC § 2–207(1) applies when the "acceptance is expressly made conditional on assent." Traditionally, this exception has been narrowly construed. *See Dorton v. Collins & Aikman Corp.,* 453 F.2d 1161, 1168 (6th Cir.1972) (Applying Tennessee law, the court stated: "In order to fall within this proviso, it is not enough that an acceptance is expressly conditional on additional or different terms; rather, an acceptance must be *expressly* conditional on the offeror's *assent* to those terms."). The Michigan Court of Appeals has also narrowly construed the proviso. *See Challenge Machinery Co. v. Mattison Machine Works,* 138 Mich.App. 15, 359 N.W.2d 232 (1984) (per curiam). In *Challenge Machinery,* the court found unconditional an acceptance which stated: "buyer expressly limits acceptance to the terms hereof and no different or additional terms proposed by seller shall become part of the contract." *Id.* at 19–22, 359 N.W.2d at 234–35.

It must, however, be remembered that the court in *Challenge Machinery* did not give buyer a contract on his terms. Rather, the court went on to find that the acceptance and offer presented conflicting terms which "cancelled" each other. "[T]he end result of such maneuvering was to cancel out the conflicting provisions." *Id.* at 26, 359 N.W.2d at 237.

We conclude that despite the strong language on the scope of the proviso of UCC § 2–207(1), the present case falls within that exception. Here the seller's acceptance does indicate that seller is "unwilling to proceed unless assured of the offeror's assent to the additional or different terms." *Challenge Machinery,* 138 Mich.App. at 22, 359 N.W.2d at 235. The acceptance explicitly states that plaintiff only accepts on the given terms. Moreover, the language taken as a whole clearly indicates that Ameri-

---

**2.** We note also that although the argument in the district court focused on UCC § 2–207(2), one does not reach that subsection unless it is determined that the proviso in 2–207(1) does not apply. Thus, by hypothesis the district court must have ruled on the question.

**3.** As this case was brought in the district court on the basis of diversity of citizenship, Michigan law controls. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

can would accept only on its terms. For example, American required buyers to "advise ... immediately" if anything in the acknowledgement form was found objectionable. While failure to so advise obviously does not require a conclusion of assent, *see* UCC § 2–207(3), the clause does show American's attempt to create a contract only on its terms.

American can be no clearer in conditioning acceptance than it was in stating, "The terms set forth on the reverse side are the *only ones upon which we will accept* orders." To not find a clause such as this one within the UCC § 2–207(1) proviso is to render that clause essentially meaningless.[4]

### B.

Shrader argues that as the acceptance of American was expressly conditional, the district court should have determined whether there was assent to the terms presented in the acceptance. Shrader urges there was no assent, and, therefore, the normal UCC period of limitations, *see* UCC § 2–725, and damages recovery, *see* UCC § 2–714, apply. *See also* M.C.L. § 440.2207(3).

The issue of what constitutes "assent" for purposes of UCC § 2–207(1) has not been clearly defined under Michigan law. American argues we should find implicit assent in that Shrader accepted and paid for the goods. A review of the Michigan case law, however, indicates that such an argument should be rejected in the present case.

In *American Parts Co., Inc. v. American Arbitration Ass'n*, 8 Mich.App. 156, 154 N.W.2d 5 (1967), the Michigan Court of Appeals discussed UCC § 2–207 at length and stated that § 2–207 "seeks to avoid the imposition on businessmen of unagreed

terms." *Id.* at 173, 154 N.W.2d at 14. The court stressed the policy of UCC § 2–207 is to determine the nature of the parties' agreement. *Id.* The nature of the agreement is a *factual question*, to be decided by the trier of fact.

Section 2–207 is a mandate upon the courts to discard the concept that an act, verbal or nonverbal, cannot be both an acceptance and a rejection of an offer—an acceptance of that upon which the parties agree and a rejection of that upon which (although verbalized by one party) the parties disagree. The *determination of what has or has not been agreed upon will, of course, continue to be made by the trier of fact, but, in making that determination, the fact finder is no longer bound by the last manifestation. Rather all subsisting manifestations are to be considered.*

*Id.* at 175–76, 154 N.W.2d at 16 (emphasis added).

 Therefore, under Michigan law the nature of the parties' agreement should be decided by the trier of fact where as here the acceptance is conditional. Accordingly, we hold that "assent" under Michigan law is a question for the trier of fact,[5] and that summary judgment was not appropriate in this case.

### III.

For the foregoing reasons, we REVERSE the district court and REMAND for proceedings consistent with this opinion.

---

4. At oral argument counsel for American argued that the only language which qualifies as a conditional acceptance is that which "mimics the code." We reject such a requirement as overly formalistic and inconsistent with the code's general admonition that it should be "liberally construed." *See* UCC § 1–102(1); M.C.L. § 440.1102(1).

5. Counsel for American urges that this holding is inconsistent with this court's statement in

*Mead Corp. v. McNally–Pittsburg Mfg. Corp.*, 654 F.2d 1197 (6th Cir.1981), that "it is ... contrary to the policy behind the code merely to turn the issue [of 2–207] over to the uninformed speculation of the jury...." *Id.* at 1206. We note merely that *Mead Corp.* involves a diversity action applying *Ohio* law. In the present case we are bound to apply the law of Michigan as we find it. *See Henry v. McFaul*, 791 F.2d 48, 51 (6th Cir.1986) (per curiam).