Diane A. PARMER, Plaintiff,

v.

GLOBE INDUSTRIES, INC., et al., Defendants.

No. C 88–7774.

United States District Court, N.D. Ohio, W.D.

Oct. 19, 1989.

---

David Pheils, Perrysburg, Ohio, for plaintiff.

John Landwehr, Toledo, Ohio, for defendants.

Stewart Jaffy, Columbus, Ohio.

OPINION AND ORDER

JOHN W. POTTER, District Judge:

This matter is before the Court on the motion of defendant Globe Industries, Inc. (Globe) to dismiss Count 1 of the complaint

and for summary judgment on Counts 1 and 3 of the complaint; defendant Local No. 379, Retail, Wholesale and Department Store Union, AFL–CIO's (Local 379) motion for summary judgment on Counts 2 and 3 of the complaint, plaintiff's opposition and motion for leave to file an amended complaint; and the reply of each defendant incorporating its opposition to the motion for leave to file an amended complaint.

■ Initially the Court must address plaintiff's motion for leave to amend the complaint. It should be noted from the outset that plaintiff's motion is made rather late in the proceedings. The pretrial order issued by the Court on March 3, 1989 set a motion cut-off date of August 28, 1989. Plaintiff's motion for leave to amend was filed on September 1, 1989. More importantly, the proposed amended complaint alleges new theories of liability based on third-party beneficiary rights alleged to be held by plaintiff under the collective bargaining agreement between defendants. If the motion to amend were granted, it would necessitate vacating the trial date of October 24, 1989. The alternative to vacating the trial date would be to require defendants to defend claims at trial which have been substantially amended since defendants conducted their discovery and which have escaped the scrutiny of motion practice. Plaintiff's stated reasons for filing its motion to amend at such a late date, that the case was removed to federal court and that discovery has yielded additional facts, are less than persuasive since the case was removed on December 5, 1988, and plaintiff's discovery was concluded no later than March of 1989. Accordingly, in light of the necessity of either vacating the trial date or prejudicing defendants, the Court finds, pursuant to Fed.R.Civ.P. 15(a), that justice does not require that plaintiff be granted leave to amend its complaint at this late date.

Defendant Globe has moved for summary judgment on the grounds that plaintiff's claims in Counts 1 and 3 are barred by the applicable statute of limitations, that the collective bargaining agreement was not breached, and that plaintiff admitted that defendants did not conspire against her. Defendant Local No. 379 has moved for summary judgment on Counts 2 and 3 on the ground that the applicable statute of limitations barred both of plaintiff's claims and that the Union had no duty of fair representation since plaintiff was merely a probationary employee and not yet a union member.

Under the Federal Rules of Civil Procedure, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The Supreme Court has recently stated that the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.* [477 U.S. 242], 106 S.Ct. 2505, 2512 [91 L.Ed.2d 202] (1986).... In reviewing a motion for summary judgment, however, all inferences " 'must be viewed in the light most favorable to the party opposing the motion.' " *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* [475 U.S. 574], 106 S.Ct. 1348, 1356–57 [89 L.Ed.2d 538] (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 [82 S.Ct. 993, 994, 8 L.Ed.2d 176] (1962)). *Ralph Shrader, Inc. v. Diamond International Corp.*, 833 F.2d 1210, 1213 (6th Cir. 1987).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The substantive law of the case identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Therefore, only disputes of facts affecting the outcome of the suit under the applicable substantive law will preclude the entry

of summary judgment. *Id.* A moving party may discharge its burden "by 'showing' —that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 324–325, 106 S.Ct. at 2553–2554. Where the moving party has met its initial burden, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. "[P]laintiff, to survive the defendant's motion, need only present evidence from which a jury might return a verdict in his favor." *Id.* at 257, 106 S.Ct. at 2514.

■ Considering first defendants' argument that plaintiff's claims are barred by the applicable statute of limitations, the Court concludes that the claims are indeed barred. Count 1 of the complaint is a straightforward breach of the collective bargaining agreement claim. Count 2 alleges a breach of the duty of fair representation by defendant Local No. 379. Count 3 alleges that defendants conspired to change the terms of the collective bargaining agreement. Clearly, Counts 1 and 2 comprise a hybrid § 301 of the Labor Management Relations Act (LMRA)/duty of fair representation claim as defined by the Supreme Court in *DelCostello v. Int'l. Brotherhood of Teamsters,* 462 U.S. 151, 165, 103 S.Ct. 2281, 2291, 76 L.Ed.2d 476 (1983). The court in *DelCostello* held that hybrid § 301/duty of fair representations claims are subject to the six-month statute of limitations established in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). Thus, in order to comply with that statute of limitations, plaintiff must have filed suit within six months of the date that her hybrid cause of action accrued.

■ A cause of action for a hybrid claim accrues when an employee discovers or, in the exercise of reasonable diligence, should discover the acts constituting the alleged violations. *Chrysler Workers Assoc. v. Chrysler Corp.,* 834 F.2d 573, 578 (6th Cir.1987), *cert. denied* 486 U.S. 1033, 108 S.Ct. 2017, 100 L.Ed.2d 604 (1988). In this case, defendants have set forth facts which

indicate that plaintiff was discharged on February 5, 1988 and thereafter consulted a union official on three occasions requesting that a grievance be filed. Each time the Union denied the request. The last of those conversations took place on February 7, 1988. On February 8, 1988, plaintiff went to the Ohio Civil Rights Commission to file a charge against Globe because she felt she had unjustly lost her job. Plaintiff relies on *Garcia v. Eidal Int'l Corp.,* 808 F.2d 717 (10th Cir.1986), *cert. denied* 484 U.S. 827, 108 S.Ct. 94, 98 L.Ed.2d 55 (1987), where the court held that when an employer repudiates its obligations under a collective bargaining agreement, the analogous state statute of limitations applies, rather than the six-month statute for hybrid claims. However, the Court finds *Garcia* distinguishable since the *Garcia* court specifically found that the claim before it was not a hybrid claim. *Id.* at 721. In *Garcia* the employer repudiated the entire collective bargaining agreement by selling the company to another company which subsequently hired a number of the original company's workers. *Id.* at 719. The plaintiffs in *Garcia* alleged that the second company was the alter ego of the first and that the sale of the business was merely executed to escape the terms of the collective bargaining agreement between the first company and the union. *Id.* In holding that the six-month statute of limitations set forth in *DelCostello* did not apply, the *Garcia* court found that the claim was only "superficially similar" to a hybrid § 301/unfair representation claim. *Garcia* is not applicable in the case before the Court since the Court finds that Counts 1 and 2 of plaintiff's complaint constitute a true hybrid § 301/unfair representation claim within the meaning of *DelCostello.*

The Court further rejects plaintiff's reliance on *Adkins v. Int'l Union of Electrical, Radio and Machine Workers, Local 801,* 769 F.2d 330 (6th Cir.1985). The court in *Adkins* did hold that "where the union's alleged breach of duty is in a non-grievance context, as here, the employee's good-faith attempt to exhaust their contractual remedies will prevent the accrual of their action." *Id.* at 336. The *Adkins* court spe-

cifically noted that the union's alleged breach of duty was not in a grievance context. *Id.* The union's alleged breach in *Adkins* was in favoring one group of employees over another and the employees were attempting to exhaust their contractual grievance or arbitration remedy prior to filing their hybrid action. Clearly, good faith attempts to exhaust the existing contractual remedies will prevent the accrual of the hybrid cause of action. However, in the case before the Court, plaintiff's attempts to exhaust what she felt to be her contractual remedies, filing a grievance, ended no later than February 7, 1988, when defendant Local 379 declined to file a grievance for plaintiff on the ground that she was a probationary employee. Clearly, plaintiff knew on February 7, 1988 of the acts alleged to constitute the violation of the duty of fair representation. Moreover, unlike the plaintiffs in *Adkins*, the essence of this plaintiff's claim is that the Union refused to file a grievance on her behalf. When the Union repeatedly refused to do so, her cause of action accrued.

Plaintiff's counsel's letter to Local 379 expressing opposition to the Union's refusal to file a grievance was not an attempt to exhaust a contractual remedy within the meaning of *Adkins*. The Court finds that defendants have set forth facts which indicate that plaintiff's hybrid cause of action accrued on February 7, 1988. Accordingly, plaintiff must have filed her complaint on or before August 7, 1988. In fact, the complaint was filed on November 4, 1988.

In Count 3 of the complaint, plaintiff alleges that defendants conspired to alter the terms of the collective bargaining agreement. State law claims which are inextricably intertwined with consideration of the terms of a labor contract are governed by federal law. *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 220, 105 S.Ct. 1904, 1915, 85 L.Ed.2d 206 (1985). Further, such claims must either be dismissed as preempted by § 301 of the LMRA or treated as a § 301 claim. *Id.* In this case, the Court will treat Count 3 of the complaint as a § 301 claim. However, treating the claim

in Count 3 as one brought pursuant to § 301 affords plaintiff no relief since it too would be time barred. Accordingly, the Court finds that there is no genuine issue of material fact in this matter and that defendants are entitled to judgment as a matter of law on the issue of the statute of limitations. Having so found, the Court does not reach the other issues presented.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that plaintiff's motion for leave to amend the complaint be, and hereby is, DENIED; and it is

FURTHER ORDERED that defendants' motions for summary judgment be, and hereby are, GRANTED.