**Kenneth D. HENEGAR, Plaintiff,**

v.

**William M. BANTA, Defendant.**

**No. 3:92CV7152.**

United States District Court,
N.D. Ohio, W.D.

March 1, 1993.

---

Robert Thompson, Chicago, IL, for plaintiff.

John B. Lewis, Gregory V. Mersol, Arter & Hadden, Cleveland, OH, for defendant.

### *OPINION AND ORDER*

JOHN W. POTTER, Senior District Judge:

This cause is before the Court on defendant's motion for summary judgment and plaintiff's opposition. A former brakeman with Norfolk and Western Railway Company, plaintiff was allegedly defamed by his supervisor who claimed that Mr. Henegar gave false and conflicting statements regarding an injury that occurred on February 4, 1991.

Under the Federal Rules of Civil Procedure, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The Supreme Court has recently stated that the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.* [477 U.S. 242, 251–52], 106 S.Ct. 2505, 2512 [91 L.Ed.2d 202] (1986).... In reviewing a motion for summary judgment, however, all inferences " 'must be viewed in the light most favorable to the party opposing the motion.' " *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* [475 U.S. 574, 587], 106 S.Ct. 1348, 1356–57 [89 L.Ed.2d 538] (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 [82 S.Ct. 993, 993, 8 L.Ed.2d 176] (1962)). *Ralph Shrader, Inc. v. Diamond International Corp.*, 833 F.2d 1210, 1213 (6th Cir. 1987).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The substantive law of the case identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Therefore, only disputes of facts affecting the outcome of the suit under the applicable substantive law will preclude the entry of summary judgment. *Id.* A moving party may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 324–325, 106 S.Ct. at 2554. Where the moving party has met its initial burden, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511.

[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." ... Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and ad-

missions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553.

As noted above, plaintiff was employed as a brakeman by the Norfolk and Western Railway Company. Defendant was his supervisor. Plaintiff was covered by a collective bargaining agreement between United Transportation Union and his employer. Plaintiff asserts that on February 4, 1991, he began to suffer stomach pains while at work at a switching yard in Milan, Michigan. At the hospital he was told that he had a hernia. Part of the controversy centers on whether Henegar was aware of this condition for many months prior to this incident or if the hernia was caused by a work-related injury.

In any event, after plaintiff made a statement to the railroad claims agent asserting that the injury was in fact work related, defendant formally charged him under the collective bargaining agreement with having provided false and conflicting statements concerning his alleged injury. As required by the agreement, a disciplinary hearing was held on March 28, 1991. Plaintiff was represented by the union local chairman. Banta testified that Henegar had told him that he had been aware of the hernia for at least one year and that he had been postponing surgery recommended by his physician.

The Saline Community Hospital records, which reflected that Henegar had long been aware of the hernia, were also apparently introduced. Presented with this evidence, the hearing officer found against plaintiff. On appeal, the public law board affirmed the decision dismissing Henegar.

Plaintiff is now before this Court asserting that defendant defamed him. The amended complaint alleges that

> The statements made by defendant against plaintiff at said investigation were false. The effect of defendant's false statements in the presence of three witnesses was to brand the plaintiff as a liar and a cheat and an attack on his reputation and character which up to that time was unblemished.

Plaintiff further alleges that as a proximate result he lost his job and his reputation was irreparably damaged. Plaintiff's opposition has attached as exhibits 1 and 2 copies of a "report of personal injury/illness incident" both dated February 4, 1991 that purport to show that defendant changed the type and source of injury from "strain" to "illness." Plaintiff alleges that the second report, indicating illness, was submitted at the disciplinary hearing and that the hearing officer was purposely mislead into believing that the second report was an accurate duplication of the information contained in the original report. Exhibit 3 is the progress notes of Banta that track the events concerning the February 4th incident which indicate that defendant believed that Henegar's injury was not the result of an injury sustained while working for the railroad. The Court has reviewed defendant's deposition testimony and the explanation given therein for the existence of the two reports as well as plaintiff's deposition and the exhibits thereto. Nevertheless, any conclusion that might be drawn from all the evidence contained in the record is irrelevant if there is no subject matter jurisdiction.

The Railway Labor Act gives the National Railroad Adjustment Board exclusive jurisdiction over disputes that arise out of collective bargaining agreements. The final and exclusive jurisdiction of the Board has a broad sweep; no grievance that may fairly be said to stem from the collective bargaining agreement is excluded.

> . . . . .
>
> The pertinent question here is … whether the "action is based on a matrix of facts which are inextricably interwined [sic] with the grievance machinery of the collective bargaining agreement and the R.L.A." *Stephens v. Norfolk & W. Ry.,* 792 F.2d 576, 580 (6th Cir.1986), *amended,* 811 F.2d 286 (6th Cir.1986).

*Beard v. Carrollton R.R.,* 893 F.2d 117, 121–22 (6th Cir.1989) (citations omitted). This inextricably intertwined test is the same one used by the Supreme Court in cases under § 301 of the Labor Management Relations Act. *See Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 213, 105 S.Ct. 1904, 1912, 85 L.Ed.2d 206 (1985). Nevertheless, "[t]he standards under the two statutes may not be

identical. The Railway Labor Act makes all grievances arising out of the collective bargaining agreement subject to arbitration, and it is probably more likely that a state claim will interfere with federal interests in the context of that statute." *Beard,* 893 F.2d at 122.

Upon review of the record, the Court finds that plaintiff's claims are inextricably intertwined with the Collective Bargaining Agreement (Agreement). The personal injury reports complained of by plaintiff were required as part of the normal investigatory function of plaintiff's supervisor and a predicate to any disciplinary action against a union employee under the Agreement. The result of that investigation led to a disciplinary hearing. The hearing officer found that the plaintiff did not incur a hernia injury on February 4, 1991 and that plaintiff was guilty of falsification of an alleged personal injury. This finding was upheld on appeal to the public law board. The prior proceedings have already specifically considered the veracity of plaintiff and defendant. Although defamation was not an issue before the board, whether plaintiff lied to the company was at issue. Therefore, the plaintiff's defamation claim is based upon a matrix of facts that are inextricably intertwined with the collective bargaining agreement.

This finding is consistent with other district courts that have considered this question:

This letter clearly was written for the sole purpose of complying with the specific notice requirements of Article 31, entitled "Investigation and Discipline", of the collective bargaining agreement governing the relationship between Plaintiff and Southern. Plaintiff's libel claims thus bear a substantial relationship to the collective bargaining agreement, and are "based upon a matrix of facts which are inextricably intertwined with the grievance machinery of the collective bargaining agreement and of the RLA", and are as a result preempted by the RLA. Any contrary result would effectively chill the employer's ability to invoke the disciplinary article of the agreement, or even to notify the employee either of its intent to invoke the

disciplinary article or of the charges against that employee, without risking subsequent liability for libel and/or defamation. *See Miller v. Norfolk & Western,* cited *supra,* at 671–72 ("Claims that relate to matters covered in or by grievance proceedings must be preempted by the RLA, or else they will have a chilling effect on these proceedings."). Therefore, the Court finds plaintiff's claims under Counts III and IV of his Complaint to be preempted by the RLA.

*Fox v. Southern Ry. Co.,* 764 F.Supp. 644, 650 (N.D.Ga.1991).

The RLA also bars Ferguson's suit for defamation against Berry and NS. While defamatory statements are not covered specifically by the collective bargaining agreement between NS and BRAC, the fact that a claim is not expressly addressed by an agreement is immaterial for purposes of coverage by the RLA. *Elgin J & E Ry. v. Burley,* 325 U.S. 711, 723, 65 S.Ct. 1282, 1289, 89 L.Ed. 1886 (1945). Investigations of employee complaints are covered by the NS–BRAC agreement and are normal incidents of the employer-employee relationship. *Majors v. U.S. Air, Inc.,* 525 F.Supp. 853, 857 (D.Md.1981). Any dispute arising out of such an investigation, including a charge of defamation, should fall within the NRAB's exclusive jurisdiction. *See, e.g., Miller v. Norfolk & Western Ry. Co.,* No. 83–3652, slip op. (N.D.Ohio 1984) *Fraley v. Hayes,* 112 L.R.R.M. 2298 (S.D.Ill.1982) [1982 WL 2040]; *Majors, supra,* 525 F.Supp. at 853; *Carson v. Southern Ry. Co.,* 494 F.Supp. 1104 (D.S.C.1979). Thus even if Berry did defame Ferguson when she remarked about him during officer Moorman's interview, then that issue can be resolved only by the NRAB. This court, however, is without jurisdiction to address that issue.

*Ferguson v. Norfolk Southern Corp.,* 704 F.Supp. 666, 670 (W.D.Va.1987).

Furthermore, it can fairly be said that plaintiff's claim is based on some incident of the employment relationship. Such a finding was found to be sufficient to preclude jurisdiction under RLA in *Majors v. U.S. Air, Inc.,* 525 F.Supp. 853 (D.Md.1981); *accord,*

*Miller v. Norfolk & Western Ry. Co.*, 1990 WL 163302 1990 U.S.App.Lexis 19129 (6th Cir.1990) (unpublished). The fact that plaintiff has named an individual, rather than the corporate, defendant does not change the nature of this collateral attack on the judgment of the public law board. "As in *Magnuson*,[1] the plaintiff here has attempted to restyle claims which are basically identical to those which should be considered by the National Railway Adjustment Board, and the Court cannot allow the plaintiff's 'artful pleading' to evade the mandatory arbitration provisions of the Railway Labor Act." *Gray v. Chessie System*, 588 F.Supp. 1334, 1337 (D.Md.1984); *accord, Fox v. Southern Ry. Co.*, 764 F.Supp. 644 (N.D.Ga.1991).

The Court finds that it does not have subject matter jurisdiction to hear plaintiff's cause of action as it is a "minor dispute" stemming from the interpretation or application of an existing collective bargaining agreement. In *Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 325, 92 S.Ct. 1562, 1565, 32 L.Ed.2d 95 (1972), the Supreme Court held that

> The term "exhaustion of administrative remedies" in its broader sense may be an entirely appropriate description of the obligation of both the employee and carrier under the Railway Labor Act to resort to dispute settlement procedures provided by that Act. It is clear, however, that in at least some situations the Act makes the federal administrative remedy exclusive, rather than merely requiring exhaustion of remedies in one forum before resorting to another. A party who has litigated an issue before the Adjustment Board on the merits may not relitigate that issue in an independent judicial proceeding. *Union Pacific R. Co. v. Price*, 360 U.S. 601 [79 S.Ct. 1351, 3 L.Ed.2d 1460] (1959). He is limited to the judicial review of the Board's proceedings that the Act itself provides. *Gunther v. San Diego & A.E.R. Co.*, 382 U.S. 257 [86 S.Ct. 368, 15 L.Ed.2d 308] (1965). In such a case the proceedings afforded by 45 U.S.C. § 153 First (i), will

be the only remedy available to the aggrieved party.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that defendant's motion for summary judgment be, and hereby is, GRANTED; and it is

FURTHER ORDERED that all other pending motions are DENIED as moot.

---

1. *Magnuson v. Burlington Northern, Inc.*, 576 F.2d 1367 (9th Cir.1978), *cert. denied*, 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978) (claims related to the alleged presentation of false and

misleading information at the hearing were raised pursuant to the collective bargaining agreement and therefore required to be submitted to arbitration).