## GAVIERES *v.* UNITED STATES.

### ERROR TO THE SUPREME COURT OF THE PHILIPPINE ISLANDS.

No. 102. Submitted March 13, 1911.—Decided April 3, 1911.

Protection against double jeopardy was by § 5 of the act of July 1, 1902, c. 1369, 32 Stat. 691, carried to the Philippine Islands in the sense and in the meaning which it had obtained under the Constitution and laws of the United States. *Kepner* v. *United States,* 195 U. S. 100.

The protection intended and specifically given is against second jeopardy for the same offense, and where separate offenses arise from the same transaction the protection does not apply.

A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution or conviction under the other. *Carter* v. *McClaughry*, 183 U. S. 367.

In this case *held* that one convicted and punished under an ordinance prohibiting drunkenness and rude and boisterous language was not put in second jeopardy by being subsequently tried under another ordinance for insulting a public officer although the latter charge was based on the same conduct and language as the former. They were separate offenses and required separate proof to convict. *Grafton* v. *United States*, 206 U. S. 333, distinguished.

THE facts, which involve the construction of the provisions in the Philippine Island act of July 1, 1902, as to second jeopardy, are stated in the opinion.

*Vicente G. Gavieres,* plaintiff in error, *pro se:*

The Supreme Court of the Philippine Islands erred in holding that the fact that the plaintiff in error was twice placed in jeopardy by the second indictment was not clearly proven, and it also erred in holding that the plaintiff in error had committed an offense against two government entities and therefore the prosecution by one was not a bar to the prosecution by the other. See *Grafton* v. *United States,* 206 U. S. 333.

The court below also erred in holding that the offenses charged in the two complaints were essentially different in their nature, that they were separate and entirely distinct offenses, and that the same act may constitute a crime against the State and also against the municipality, so that each may punish a person for an infraction of both laws by a single act and that punishment by either does not preclude punishment by the other. *Chan Cun Chay,* 5 Phil. Rep. 385; *Flemister Case,* 5 Phil. Rep. 650.

If these Islands had ceded to the United States certain rights then undoubtedly they might have retained the right to punish all crimes against law regardless of whether

or not the Government of the United States did so or not, but the situation is reversed. These Islands by an act of Congress are protected by the Philippine Bill, which gave certain rights and imposed certain restrictions on the power of the courts, including the prohibition against a man being placed twice in jeopardy for the same offense.

Under this provision there must be two offenses essentially different in their nature in order that two punishments may be inflicted.

*Mr. Assistant Attorney General Harr* for the United States:

The two offenses of which plaintiff in error was convicted. are like those considered in *Flemister* v. *United States*, 207 U. S. 372.

The nature of the offenses must, of course, be determined from the complaints filed against the plaintiff in error, *Burton* v. *United States*, 202 U. S. 380, considered in the light of the statutes under which they were drawn.

The requirement of proof of an additional fact makes the offense distinctive, and precludes a plea of *autrefois convict*. *Morey* v. *Commonwealth*, 108 Massachusetts, 433; *Carter* v. *McClaughry*, 183 U. S. 367, 395.

The decisions of other courts are to the same effect. *McIntosh* v. *State*, 116 Georgia, 543; *State* v. *Taylor*, 133 N. Car. 755. See also *Veazy* v. *State*, 4 Ga. App. 845; *Blair* v. *State*, 81 Georgia, 628, 629; *United States* v. *Hood*, 26 Fed. Cas. No. 15,385; *State* v. *Innes*, 53 Maine, 536; *People* v. *Warren*, 1 Parker, Crim. Rep. N. Y. 338; *State* v. *Stewart*, 11 Oregon, 52; *State* v. *Magone*, 33 Oregon, 570; *Grafton* v. *United States*, 206 U. S. 333, distinguished.

MR. JUSTICE DAY delivered the opinion of the court.

This case presents the single question whether the plaintiff in error, by reason of the proceedings, herein-

after stated, has been twice in jeopardy for the same offense.

Gavieres, plaintiff in error, was charged, convicted and sentenced in the Court of First Instance of the city of Manila, Philippine Islands, of a violation of Article 257 of the penal code of the Philippine Islands, which provides:

"The penalty of arresto mayor shall also be imposed on those who outrage, insult, or threaten, by deed or word, public officials or agents of the authorities, in their presence, or in a writing addressed to them."

Gavieres was charged under this article with the crime of calumniating, outraging and insulting a public official in the exercise of his office by word of mouth and in his presence. Upon conviction he was sentenced to four months of arresto mayor and to pay the cost of the prosecution. He had been previously convicted, because of the same words and conduct, under Art. 28, § 2, of the ordinance of the city of Manila, which provides:

"No person shall be drunk or intoxicated or behave in a drunken, boisterous, rude, or indecent manner in any public place open to public view; or be drunk or intoxicated or behave in a drunken, boisterous, rude, or indecent manner in any place or premises to the annoyance of another person."

Section 5 of the act of Congress of July 1, 1902, 32 Stat., c. 1369, 691, provides: "No person, for the same offense, shall be twice put in jeopardy of punishment."

This statute was before this court in the case of *Kepner* v. *United States*, 195 U. S. 100, and it was there held that the protection against double jeopardy therein provided had, by means of this statute, been carried to the Philippine Islands in the sense and in the meaning which it had obtained under the Constitution and laws of the United States.

It is to be observed that the protection intended and specifically given is against second jeopardy for the *same*

*offense.* The question, therefore, is, Are the offenses charged, and of which a conviction has been had in the municipal court and in the Court of First Instance, identical. An examination of the ordinance shows that the gist of the offense under it was behaving in an indecent manner in a public place, open to public view. It was not necessary to charge or prove under the municipal ordinance any outrage, insult or threat to a public official or agent of the authorities. The charge contained in the record shows that under the municipal ordinance the plaintiff in error was charged with willfully and unlawfully, in a public street car and in the presence of numerous persons, including ladies, conducting himself in a reckless, indecent and discourteous manner.

It is true that the acts and words of the accused set forth in both charges are the same; but in the second case it was charged, as was essential to conviction, that the misbehavior in deed and words was addressed to a public official. In this view we are of opinion that while the transaction charged is the same in each case, the offenses are different. This was the view taken in *Morey* v. *Commonwealth,* 108 Massachusetts, 433, in which the Supreme Judicial Court of Massachusetts, speaking by Judge Gray, held:

"A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

This case was cited with approval in *Carter* v. *Mc-Claughry*, 183 U. S. 367, 395. In the *Carter Case*, speaking of the identity of offenses charged, this court said:

"The offenses charged under this article were not one and the same offense. This is apparent if the test of the identity of offenses that the same evidence is required to sustain them be applied. The first charge alleged 'a conspiracy to defraud,' and the second charge alleged 'causing false and fraudulent claims to be made,' which were separate and distinct offenses, one requiring certain evidence which the other did not. The fact that both charges related to and grew out of one transaction made no difference."

In *Burton* v. *United States*, 202 U. S. 344, 381, Bishop's Criminal Law, vol. 1, § 1051, was quoted with approval to the effect "jeopardy is not the same when the two indictments are so diverse as to preclude the same evidence from sustaining both." In that case this court said, speaking of a plea of *autrefois acquit*, "It must appear that the offense charged, using the words of Chief Justice Shaw, 'was the same in law and in fact. The plea will be vicious if the offenses charged in the two indictments be perfectly distinct in point of law, *however nearly they may be connected in fact.*'"

Applying these principles, it is apparent that evidence sufficient for conviction under the first charge would not have convicted under the second indictment. In the second case it was necessary to aver and prove the insult to a public official or agent of the authorities, in his presence or in a writing addressed to him. Without such charge and proof there could have been no conviction in the second case. The requirement of *insult to a public official* was lacking in the first offense. Upon the charge, under the ordinance, it was necessary to show that the offense was committed in a public place open to public view; the insult to a public official need only be in his

presence or addressed to him in writing. Each offense required proof of a fact, which the other did not. Consequently a conviction of one would not bar a prosecution for the other.

A minority of the Supreme Court of the Philippine Islands was of opinion that there was double jeopardy in the case at bar upon the authority of the case of *Grafton* v. *United States*, 206 U. S. 333. In that case the Supreme Court of the Philippine Islands held that a soldier of the United States Army might be prosecuted for homicide before a military court-martial and also before a civil court exercising authority in the islands. That judgment was reversed and the conviction before the military court-martial held to bar a prosecution for the same homicide in the civil courts of the Philippine Islands. It appeared that Grafton had been acquitted of the unlawful homicide of a Filipino by a duly convened court-martial having jurisdiction of the offense. After acquittal he was charged in the Court of First Instance of the Province of Iloilo with the crime of assassination in committing the same homicide. He was convicted, notwithstanding his plea of former jeopardy, of infraction of article 404 of the penal code, of the crime of homicide in killing the Filipino.

This court held that the court-martial had full jurisdiction to try the accused for the offense; that it derived its authority from the same governmental power as did the civil court in the Philippine Islands, and that if the conviction in the civil court were allowed to stand the accused would be for the second time in jeopardy for the same homicide. Mr. Justice Harlan, delivering the opinion of the court, said:

"But passing by all other questions discussed by counsel or which might arise on the record, and restricting our decision to the above question of double jeopardy, we adjudge that, consistently with the above act of 1902 and for the reasons stated, the plaintiff in error, a soldier

in the army, having been acquitted of the crime of homicide, alleged to have been committed by him in the Philippines, by a military court of competent jurisdiction, proceeding under the authority of the United States, could not be subsequently tried for the same offense in a civil court exercising authority in that territory.".

In the case at bar the offense of insult to a public official, covered by the section of the Philippine code, was not within the terms of the offense or prosecution under the ordinance. While it is true that the conduct of the accused was one and the same, two offenses resulted, each of which had an element not embraced in the other.

The judgment of the Supreme Court of the Philippine Islands is affirmed.

*Affirmed.*

Dissenting, MR. JUSTICE HARLAN.