BERTSCH v. SNOOK, Warden.

SAME v. ADERHOLD, Warden.

Circuit Court of Appeals, Fifth Circuit.
November 22, 1929.

Nos. 5493, 5669.

Otto Christensen, of Los Angeles, Cal., and Edward C. Hill and Frank A. Doughman, both of Atlanta, Ga., for appellant.

Clint W. Hager, U. S. Atty., and Hal Lindsay, Asst. U. S. Atty., both of Atlanta, Ga., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. These appeals are taken from orders dismissing two separate petitions of appellant for the writ of habeas corpus. They may be considered together, since the indictment under which appellant was sentenced to imprisonment is the same in both cases. The indictment was found in the Southern District of Ohio, and the first count charged appellant and others with a conspiracy "to assault any persons having charge, control or custody of any mail matter * * * also to rob, steal and purloin the mail matter, including letters, packages and pouches, containing such matter, * * * and to receive, secrete, conceal, unlawfully have in their possession and destroy such mail matter." The second count charged the same defendants with conspiracy "to rob, steal and purloin any mail bag, * * * to convey away such mail bags to the hindrance and detriment of the public service, to appropriate the same to their own use, and to tear, cut and otherwise injure the said mail bags with intent to rob and steal any mail contained therein." Similar overt acts were charged in the two counts, and robbery of the same mail truck was charged as an overt act in each count. At the trial appellant first interposed a plea of autrefois acquit, but he withdrew it and entered a plea of guilty as charged in each count. There were other counts to the indictment, but they were nol. prossed. The Ohio court imposed a sentence of two years on each of the two counts, to run consecutively and to be served in the Atlanta penitentiary.

In No. 5493 the writ of habeas corpus was denied at a time when appellant had served less than two years in the penitentiary. In it there is no question presented except that of possible error in allowing the plea of

autrefois acquit to be withdrawn and accepting instead a plea of guilty. Any error involved in that sentence was one which could be reviewed only on a direct appeal, and is not subject to review in habeas corpus proceedings. Van Meter v. Snook (C. C. A.) 15 F.(2d) 377.

In No. 5669 appellant had served two years in the penitentiary, and his petition was based on the ground that the two counts charge the same offense, and consequently that part of the sentence which purported to impose an additional two years of imprisonment was void because contrary to the Fifth Amendment.

▮ It thus appears that appellant before he filed his petition had been subjected to the maximum imprisonment authorized for a single conspiracy by section 37 of the Criminal Code (18 USCA § 88) under which the prosecution was had. It follows that, if the two conspiracy counts to which he pleaded guilty charged the same offense, it was error to refuse to grant a discharge and an order of release from further imprisonment. In that event an additional sentence of imprisonment would be void, and could be set aside on habeas corpus. Ex parte Snow, 120 U. S. 274, 7 S. Ct. 556, 30 L. Ed. 658; Ex parte Nielsen, 131 U. S. 176, 9 S. Ct. 672, 33 L. Ed. 118. The same offense is charged by two separate counts of an indictment where the evidence required to support a conviction upon one count would have been sufficient to warrant a conviction upon the other. Gavieres v. United States, 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489; Tritico v. United States (C. C. A.) 4 F.(2d) 664. We are of opinion that, measured by this test, the two counts of the indictment before us, upon which appellant was sentenced, charge the same offense, and consequently that appellant is entitled to be released from imprisonment in the penitentiary. The second count included everything charged in the first count. A distinction is sought to be made in that the second count charged conspiracy to rob, steal, purloin, and cut open mail bags with intent to steal any mail therein contained, whereas the first count in addition charged conspiracy to assault persons in custody of mail bags, and to rob, steal, and purloin mail matter and the pouches which contained it. A conspiracy under section 37 is not a complete offense in the absence of an overt act to effect its object, and the principal overt act charged in each count was the robbery of the same mail truck. This circumstance tends to show that but one conspiracy existed, but is not conclusive of the identity of offenses, since other overt acts charged in one count were not repeated in the other. The first count does not charge an additional offense by reason of the fact that it included, and the second count omitted to include, in the conspiracy the making of an assault. A conspiracy to rob necessarily includes a conspiracy to assault, because assault is one of the elements of robbery. Likewise, the second count by charging a conspiracy to steal the mail bags and contents included also the taking and possession of mail matter; for the very definition of larceny is stealing, taking, and carrying away with intent to convert personal property of another to the taker's own use. Robbery is larceny by violence, and therefore includes stealing and asportation as well as assault.

The judgment in No. 5493 is affirmed.

The judgment in No. 5669 is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.