## Commonwealth v. Decker

*Thomas A. Placey, assistant district attorney,* for the Commonwealth.
*William Braught,* for defendant.

BAYLEY, *J.,* January 20, 1994—Defendant, Jon Patrick Decker, is charged with simple assault in violation of the Crimes Code at 18 Pa.C.S. §2701(a)(1).[1] The information alleges that on July 25, 1993, defendant "did attempt to cause or did intentionally, knowingly or recklessly cause bodily injury to [Shirley M. Decker]."

---

1. The Crimes Code at section 2701(a) provides: "a person is guilty of assault if he: (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." Bodily injury is defined at section 2301 as, "impairment of physical condition or substantial pain."

At 3708 Civil 1992, in a civil protection from abuse action by Shirley M. Decker, for herself and on behalf of her minor children, Wendy S. Barrick and Bradley L. Barrick, Jr., a protective order was entered against her husband, Jon Patrick Decker, by consent on January 12, 1993.[2] The order provided inter alia, that defendant "is enjoined from physically abusing the plaintiff, Shirley M. Decker, and her minor children, or from placing them in fear of abuse," and that defendant "is ordered to refrain from harassing the plaintiff or her minor children."[3]

On July 25, 1993, a Carlisle police officer charged defendant with indirect criminal contempt, arising out of the same incident for which defendant is now charged with simple assault. The complaint alleged:

"The defendant violated the order issued under the Protection From Abuse Act in no. 3708 on the 12th day of January, 1993, by the Honorable Edgar B. Bailey, (sic) which order directed the defendant not to: physically abuse Shirley M. Decker or put her in fear of abuse and also to refrain from harassing Shirley Decker, in that the defendant did enter a locked bedroom where Shirley Decker was lying down and start to verbally harass her telling her that she never loved him which started a verbal argument during which Jon Decker slapped Mrs. Decker across the face on the left side of her head. He then shoved Shirley Decker with both hands back against a door frame which jolted Mrs. Decker's head backwards striking it against the door frame causing a lump. Mrs. Decker swung back at

2. The Protection From Abuse Act is at 23 Pa. C.S. §§6101-6117.

3. The order was amended on April 8, 1993, prohibiting defendant from going to the property of Shirley Decker; however, at the request of plaintiff, that provision was deleted by an order dated June 8, 1993.

him scratching his back. He then advised Mrs. Decker that she couldn't call the police because they wouldn't do anything over a family argument and that if he went to jail he would get back time from York County and when he got out of jail he would fucking kill her."

At a hearing on July 26, while represented by counsel, defendant admitted he was in contempt of the protection from abuse order, in that:

"[h]e was in a verbal argument with Mrs. Decker ... he did slap her across the face, on the left-side of her head, and shoved her with both hands against a door frame, which jolted Mrs. Decker's head backwards against the door frame causing a lump."

The following order was entered:

"I adjudicate defendant in contempt of this court's protective order entered on January 12, 1993 as amended by the court on April 8, 1993. Sentence of the court is that you undergo imprisonment in the Cumberland County Prison for three months. Defendant's to stand committed."[4]

Citing the recent decision of the United States Supreme Court in *United States v. Dixon & Foster,* 113 S.Ct. 2849, 125 L.Ed. 2d 556 (1993), defendant maintains that the within criminal prosecution for simple assault violates the protections afforded against double jeopardy by the Fifth Amendment to the United States Constitution. In *Dixon & Foster,* Foster's wife obtained a civil protection order (CPO) in the Superior Court of the District of Columbia, to which Foster consented.

---

4. On April 8, 1993, defendant had previously been adjudicated in contempt of the protective order dated January 12, 1993. On that occasion he was sentenced to undergo a period of unsupervised probation for six months. No revocation of probation petition was filed as a result of the second adjudication on July 26.

The order required that her husband not "molest, assault, or in any manner threaten or physically abuse" her. Foster was subsequently found in criminal contempt of that order in a proceeding in which "the court stated Anna Foster would have 'to prove as an element, first that there was a civil protection order, and then [that] ... *the assault as defined by the criminal code, in fact occurred.' "* (emphasis added) The Supreme Court stated:

In both the multiple punishment and multiple prosecution contexts, this court has concluded that where the two offenses for which the defendant is punished or tried cannot survive the 'same-elements' test, the double jeopardy bar applies, See e.g., *Brown v. Ohio,* 432 U.S. 161, 168-169, 53 L.Ed.2d 187, 97 S.Ct. 2221 (1977); *Blockburger v. United States,* 284 U.S. 299, 304, 76 L.Ed. 306, 52 S.Ct. 180 (1932) (multiple punishment); *Gavieres v. United States,* 220 U.S. 338, 342, 55 L.Ed. 489, 31 S.Ct. 421 (1911) (successive prosecutions). The same-elements test, sometimes referred to as the *'Blockburger'* test, inquires *whether each offense contains an element not contained in the others;* if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." (emphasis added)

The Supreme Court held that the Double Jeopardy Clause was violated because the indictment of Foster, charging an assault in violation of section 22-504 of the District of Columbia Criminal Code, was, "based on the same event that was the subject of prior contempt conviction for violating the provision of the CPO forbidding him to commit simple assault under section 22-504." (footnote omitted)

In *Commonwealth v. Allen,* 506 Pa. 500, 486 A.2d 363 (1984), the Supreme Court of Pennsylvania held that the Double Jeopardy Clause does not bar the prosecution of an individual for simple assault after that individual

has been adjudicated in indirect criminal contempt for violating a protection from abuse order arising out of the same incident. The court stated that, "indirect criminal contempt and simple assault *are separate offenses for double jeopardy purposes because they* serve distinct purposes *and require different elements of proof* even though they may arise out of the same course of conduct." (emphasis added) *Id.* at 504, 486 A.2d at 364-65. The court applied the "same-elements test" set forth by the United States Supreme Court in *Blockburger v. United States, supra.* The court concluded that the significance of the additional element of willful disobedience to a finding of indirect criminal contempt "is neither immaterial nor insubstantial in distinguishing criminal contempt from ordinary offenses." *Commonwealth v. Allen, supra* at 513, 486 A.2d at 369. The court stated:

"We hold, therefore, that under the *Blockburger* test, indirect criminal contempt and simple assault *do contain the requisite 'separate elements'* and vindicate different interests. Therefore, prosecution on the substantive criminal charge after a finding of contempt in violating the injunction against abuse does not violate double jeopardy." (emphasis added) *Id.* at 514, 486 A.2d at 370.

Since the Pennsylvania Supreme Court, applying the *Blockburger* "same-elements test," has held that the adjudication of indirect criminal contempt under the Protection From Abuse Act does not bar a criminal trial for simple assault arising out of the same incident, defendant's motion to dismiss the information is without merit.[5] The

---

5. Section 6102 of the Protection From Abuse Act defines abuse as:

"The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:

"(1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, spousal sexual as-

decision of the United States Supreme Court in *Dixon & Foster, supra* was based on a finding that the prior contempt conviction for violating a civil protection order prohibiting Foster from committing an "assault [on his wife] *as defined* by the criminal code" of the District of Columbia, violated the same-elements test of *Blockburger.* In the present case, the adjudication of indirect criminal contempt required a *willful violation* that defendant had physically abused his wife as the term *abuse* is defined in section 6102 of the Protection From Abuse Act. These are facts that distinguish the present case from *Dixon & Foster.*

## ORDER

And now, January 20, 1994, the motion of the defendant to dismiss the information charging him with simple assault, is denied.

---

sault or involuntary deviate sexual intercourse with or without a deadly weapon.

"(2) Placing by physical menace another in fear of imminent serious bodily injury.

"(3) The infliction of false imprisonment pursuant to 18 Pa. C.S. §2903 (relating to false imprisonment).

"(4) Physically or sexually abusing minor children, including such terms as defined in chapter 63 (relating to child protective services)."