110 F.3d 66
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Travis Murl WILLIAMS, and Charles Lanie Norvell,
Defendants-Appellants.
 No. 95-6213.
 United States Court of Appeals, Sixth Circuit.
 April 8, 1997.
 
 Before: GUY, RYAN, and COLE, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Travis Williams and Charles Norvell appeal their jury convictions for possession of an unregistered silencer in violation of 26 U.S.C. § 5861(d). Both defendants argue: 1) that their indictment violates the Double Jeopardy Clause of the Fifth Amendment; 2) that the trial court abused its discretion in admitting certain evidence; 3) that there is insufficient evidence to prove the device they possessed was a silencer as defined by 18 U.S.C. § 921(a)(24); and, 4) that the definition of silencer contained in 18 U.S.C. § 921(a)(24) is vague and overbroad when applied to the facts in this case. In addition, Williams claims the district court should have dismissed the indictment against him because he does not fall within the requirements of 26 U.S.C. § 5861(d). For the reasons that follow, we affirm.
 
 I.
 
 2
 On January 9, 1991, Williams and Norvell were arrested for poaching deer in the Great Smoky Mountains National Park. At the time of their arrest, a search of their vehicle revealed a backpack containing a large set of deer antlers, a rifle with an attached scope and a silencer, and a camouflaged "Army-type field jacket." A panel of this court upheld the search in United States v. Norvell, Nos. 92-6335, 92-6336 Order (6th Cir. Dec. 14, 1993), and the defendants subsequently pled guilty to violation of 16 U.S.C. § 403h-3, Hunting and Killing a Wild Animal within the Great Smoky Mountains National Park.
 
 
 3
 While that case was pending before this court on interlocutory appeal, the government indicted the defendants for violation of 26 U.S.C. § 5861(d), for possession of an unregistered silencer. A jury found the defendants guilty and Williams and Norvell were each sentenced to 18 months' imprisonment, two years' supervised release with a special condition prohibiting them from possessing a firearm or other dangerous weapon, and a $50.00 special assessment. They now bring this appeal.
 
 II.
 
 4
 The defendants argue that their prosecution, under 28 U.S.C. § 5861(d), violates the Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution. Specifically, they claim that since the government relied upon the defendants' possession of a rifle with a silencer to support the prior indictment for poaching, the government was barred, under Grady v. Corbin, 495 U.S. 508 (1990), from charging the defendants with possession of an unregistered silencer in this case.
 
 
 5
 We note at the outset that the Supreme Court expressly overruled Grady in United States v. Dixon, 509 U.S. 688 (1993). However, because the defendants raise a constitutional challenge to their conviction, we shall proceed to de novo review. United States v. Knipp, 963 F.2d 839, 843 (6th Cir.1992).
 
 
 6
 The Double Jeopardy Clause of the Fifth Amendment mandates that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. CONST. amend. V. "The Clause serves the function of preventing both 'successive punishments and ... successive prosecutions.' " United States v. Ursery, 116 S.Ct. 2135 (1996).
 
 
 7
 The Supreme Court first applied this Clause to successive prosecutions in Gavieres v. United States, 220 U.S. 338 (1910):
 
 
 8
 A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.
 
 
 9
 Id. at 342 (emphasis added) (citations omitted). Later, the Court expressly adopted this test for multiple punishment analysis under the Double Jeopardy Clause, in Blockburger v. United States, 284 U.S. 299, 304 (1932) ["Blockburger Test"].
 
 
 10
 In Dixon, the Supreme Court reaffirmed the "same elements" test for both multiple punishment and multiple prosecutions by expressly rejecting Grady v. Corbin, 495 U.S. 508 (1990). Grady had added a "same-conduct" test to Blockburger and Gavieres. Dixon, 509 U.S. at 704.
 
 
 11
 Here, Williams and Norvell have been convicted under 26 U.S.C. § 5861(d) for possession of an unregistered silencer. They claim that jeopardy attached "when [they] entered [their] conditional pleas of guilty in [the] initial poaching prosecution and the court accepted their plea." Under the Gavieres/Blockburger test, the section 403h-3 poaching offense and the offense in this case are different for purposes of double jeopardy analysis if each requires an element that the other does not.
 
 
 12
 Conviction in this case under section 5861(d) required the government to prove: (1) that Williams and Norvell willfully and knowingly received or possessed; (2) a firearm defined in section 5845(a) which includes a silencer; and, (3) that the silencer had not been registered to either Williams or Norvell in the National Firearms Registration and Transfer Record. The jury was so instructed, and thereafter found the defendants guilty.
 
 
 13
 The earlier poaching charge, under 16 U.S.C. § 403h-3, to which the defendants pleaded guilty, required proof that: (1) the defendants did hunt and kill a wild animal; (2) the wild animal was not a dangerous animal, and it was not necessary to prevent said wild animal from destroying human lives or inflicting personal injury; and, (3) the hunting or killing occurred within the Great Smoky Mountains National Park, a territorial jurisdiction of the United States.
 
 
 14
 Manifestly, each of these statutory offenses requires proof of elements that the other does not. Consequently, under the Supreme Court test in Gavieres, Blockburger, and Dixon, Williams' and Norvell's conviction under 26 U.S.C. § 5861(d) does not violate Double Jeopardy.
 
 III.
 
 15
 Next, Williams and Norvell claim the district court abused its discretion in allowing the government to introduce evidence of the defendants' prior poaching conviction, the name, nature, and location of certain deer, deer antlers, photographs of the deer that was killed, camouflage clothing, and other hunting paraphernalia. The defendants claim this evidence was inadmissible under Fed.R.Evid. 403 and 404(b).
 
 Rule 404(b) states in pertinent part:
 
 16
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 
 
 17
 Once the court makes a determination that evidence is admissible under Rule 404(b), it must determine whether "its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. If evidence of the defendants' prior conviction for poaching and their possession of the deer's "rack," the camouflage clothing, and hunting paraphernalia are admissible as "other acts" under Rule 404(b), it must be because such evidence is relevant to prove motive, knowledge, opportunity, or some other factor such as those named in the Rule. And, in addition, one or more such factors must be material, that is, properly "in issue" in this prosecution. But, we are inclined to think that this case does not present a Rule 404(b) issue at all. Rather the evidence to which the defendants object is admissible simply because it is relevant to demonstrate the context in which the possession of the silencer occurred. The silencer was attached to the deer hunting rifle used to kill the deer described in the poaching prosecution, and its possession can be logically explained only in the context of the unlawful deer hunting in which it was being used. When the criminal conduct with which a defendant is charged is inextricably intertwined contextually with other and different wrongdoing, and only upon proof of the latter can proof of the former be logically presented, the uncharged conduct is admissible, not as other acts under Rule 404(b), but merely as evidence of circumstances relevant to the crime charged. United States v. Barnes, 49 F.3d 1144, 1149 (6th Cir.1995).
 
 
 18
 We proceed then to determine whether the challenged evidence of the defendants' prior conviction for poaching and the related testimony, and the photographic and real evidence, even if relevant to show context, was nevertheless inadmissible under Rule 403. Although a trial court has broad discretion in determining the relevancy of proffered evidence, it must still weigh the danger of undue prejudice.
 
 Rule 403 states:
 
 19
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
 
 
 20
 The record indicates that Williams and Norvell admitted the facts underlying their poaching conviction, namely, that on the evenings of January 6-8, 1991, they used a .22 caliber silenced rifle, camouflage clothing, and a two-way radio to stalk and hunt trophy deer in the Great Smokey Mountains National Park. The district court held that the evidence was relevant under Rule 401, non-prejudicial under Rule 403, and thus admissible albeit under Rule 404(b). At trial, the court stated:
 
 
 21
 The Court: Well, I think you're [the government] entitled to show the facts surrounding the possession in order to show motive that they had knowledge of what it was they had there, and that is a silencer, and in order to do that you're going to have to show the facts surrounding that, and part of the facts are that they were hunting deer in the Park and, in fact, killed a deer in the Park and prove that is a deer that lived in the Park, this rack is relevant, plus it's a very stately rack, and once you look at the pictures and the rack, you see it's one and the same.
 
 
 22
 Arguably, the admissions by the defendants obviated the need for the government to introduce the deer antlers and carcasses, pictures of the deer, along with evidence that it was named "Screamer," and the hunting equipment that was seized. Indeed, the defendants argue that even if probative, this evidence was so prejudicial as to substantially outweigh any probative value because it may have allowed the jury to base its decision on factors other than those at issue.
 
 
 23
 The abuse of discretion standard gives the district court a wide latitude in determining the admissibility of relevant evidence under Rule 403. See United States v. Ismail, 756 F.2d 1253, 1259 (6th Cir.1985).
 
 
 24
 Although the introduction of the defendants' prior guilty plea would have been sufficient to show their knowledge of the silencer, in view of the defenses raised, we are unable to say that the district court abused its discretion in admitting the indisputably relevant, but unnecessary, "contextual" evidence. Even if the evidence was excessive, its admission was harmless.
 
 IV.
 
 25
 The defendants argue that the evidence was insufficient to prove the device they possessed was a silencer as defined in 18 U.S.C. § 921(a)(24).
 
 
 26
 A firearm silencer, for purposes of 26 U.S.C. § 5861(d), is defined as:
 
 
 27
 [A]ny device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication.
 
 
 28
 18 U.S.C. § 921(a)(24). In United States v. Poulos, 895 F.2d 1113 (6th Cir.1990), we held that a silencer kit, found in defendant's basement, and that produced a 10 decibel reduction when assembled and tested, "significantly 'diminished the report of a portable firearm.' " Id. at 1120-21.
 
 
 29
 In reviewing a claim of insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Leal, 75 F.3d 219, 222 (6th Cir.1996). This court may draw all available inferences and resolve all issues of credibility in favor of the jury's verdict, and it is not necessary to exclude every reasonable hypothesis but guilt. United States v. Smith, 39 F.3d 119, 121 (6th Cir.1994); United States v. Carter, 14 F.3d 1150, 1156 (6th Cir.1994).
 
 
 30
 Here, evidence showing that the device was a silencer was offered through the opinion testimony given by Agent Craze of the Firearms Technology Branch of the ATF in Washington D.C. Based upon a physical examination, Agent Craze, testifying as an expert, concluded that the device attached to the rifle was constructed to trap expanding gases as a bullet passed through the barrel and thus lessen the noise of the shot. He explained that a control rifle, similar to the rifle in evidence but without a silencer, was test fired five times for an average sound value of 154.7 decibels. The rifle, with the silencer attached was also fired five times and achieved an average sound value of 127.9 decibels. This comparison test produced a sound value difference of 26.8 decibels. Agent Craze additionally testified that the difference between the control rifle and the one in evidence would affect the testing results by, at most, two decibels. He also testified that he had tested over 2,000 silencers and that the device on the rifle in evidence was, in fact, a silencer.
 
 
 31
 We conclude that the jury could reasonably have found that the device used by Williams and Norvell was a silencer.
 
 V.
 
 32
 Williams and Norvell claim that 18 U.S.C. § 921(a)(24) is vague and overbroad as applied to the facts of this case. We note that the defendants failed to raise this issue before the district court. "It is the general rule ... that a federal appellate court does not consider an issue not passed on below." Singleton v. Wulff, 428 U.S. 106, 120 (1976). Therefore, we decline to address this issue.
 
 VI.
 
 33
 Finally, Williams argues the district court abused its discretion when it refused to dismiss the indictment against him. Specifically, he claims that 26 U.S.C. § 5861(d) imposes a duty of registration on the manufacturer, seller, or transferor of the silencer. Williams asserts that since he is not within one of those categories, he was improperly charged. He further claims that since he borrowed the silencer for just a short time, he had neither the intent to assume ownership, nor ability or duty to register the silencer, as required by 26 U.S.C. § 5861(d). He argues that the statute is fundamentally unfair in that it allows conviction for possession of an unregistered firearm where the person in possession does not have the ability to register the firearm.
 
 
 34
 This court's standard of review of a district court's refusal to dismiss an indictment is abuse of discretion. United States v. Salisbury, 983 F.2d 1369 (6th Cir.1993); United States v. Overmyer, 899 F.2d 457, 458 (6th Cir.1990).
 
 
 35
 Williams' argument is meritless. The indictment charges him with possession of an unregistered silencer, not failure to register the silencer. As we noted earlier, Williams admitted that he hunted and killed a deer unlawfully, using the silencer. The district court did not err in refusing to dismiss the indictment.
 
 
 36
 The judgments of conviction are AFFIRMED.