OPINION
Appellant David Matheny is appealing the decision of the Tuscarawas County Court of Common Pleas that ordered forfeiture of a vehicle, of which he was not the titled owner, and denied his motion to dismiss. The following facts give rise to this appeal. On February 6, 1998, appellant was charged with driving under the influence, driving under a financial responsibility act suspension, safety belt violation and reckless operation. The state subsequently dismissed the charge of driving under the influence and appellant pled guilty to the charge of driving under the financial responsibility act suspension. Prior to entering his guilty plea in municipal court, on March 10, 1998, the Tuscarawas County Grand Jury indicted appellant on two counts of felony driving under the influence. Based on his guilty plea in municipal court, appellant filed a motion to dismiss alleging that the felony indictment should be dismissed on double jeopardy grounds. The trial court overruled appellant's motion on June 29, 1998. Thereafter, on October 16, 1998, appellant entered a plea of no contest and the trial court found him guilty. The court sentenced appellant on December 1, 1998. As part of his sentence, the trial court ordered the disposal of the automobile appellant was operating at the time of the offense. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
I. THE COURT HAD NO ABILITY TO FORFEIT THE 1988 MERCURY TOPAZ DUE TO DAVID MATHENY NOT BEING THE TITLED OWNER.
II. THE FELONY CHARGE SHOULD HAVE BEEN DISMISSED DUE TO THE PROHIBITION AGAINST DOUBLE JEOPARDY.
 I
In his First Assignment of Error, appellant claims the trial court had no ability to forfeit the 1988 Mercury Topaz because appellant is not the owner of the vehicle. We disagree. The record indicates Mary Hatcher, appellant's fiance, is the owner of the vehicle at issue. At appellant's sentencing hearing, Hatcher requested that the trial court not forfeit her vehicle claiming she believed appellant had occupational driving privileges and that she did not know appellant was going to drink and drive. Tr. at 26-27. R.C.4503.235 provides protection of the rights of innocent vehicle owners. Under R.C. 4503.235(B)(2), a vehicle owner is required to file a motion with the trial court requesting that the forfeiture order not be issued on the grounds that the vehicle owner was innocent of any wrongdoing relative to the offense or violation. Mary Hatcher did not file any such motion. Instead, she merely tendered her brief objection at appellant's sentencing hearing. Having failed to follow the proper procedure contained in R.C.4503.235(B) to establish that she is an innocent owner, we find the trial court properly forfeited the vehicle at issue. Further, since appellant is not the titled owner of the vehicle, we find he does not have standing, on appeal, to challenge the forfeiture of Mary Hatcher's vehicle. Appellant's First Assignment of Error is overruled.
 II
Appellant contends, in his Second Assignment of Error, the trial court should have dismissed the felony charges due to the prohibition against double jeopardy. We disagree. In State v. Best (1975), 42 Ohio St.2d 530, the Ohio Supreme Court set forth factors a trial court is to consider when reviewing claims of double jeopardy: 1) whether there was a prior prosecution in the same state for the identical offense; 2) whether the same person was charged relative to the first prosecution; 3) whether the same parties were involved in both prosecutions; and 4) whether the first offense prosecuted was of such a nature as to constitute a bar to the successive prosecution. Id. at 533. The Court in Best quoted Blockburger v. United States (1932), 284 U.S. 299: * * * the applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. Gavieres v. United States, 220 U.S. 338, 342,31 S.Ct. 421, 55 L.Ed. 489, and authorities cited. In that case [the] court quoted from and adopted the language of the Supreme Court of Massachusetts in Morey v. Commonwealth, 108 Mass. 433: `A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' Id. at 534.
We find the facts of this case satisfy the second and third prongs of the Best test. However, appellant can not satisfy the first prong of the Best test because his prosecution in common pleas court was not for the identical offense for which he was prosecuted for in municipal court. Appellant also can not satisfy the fourth prong, in Best, because the offense of driving under suspension was not of such a nature as to constitute a bar to the successive prosecution for felony driving under the influence of alcohol. Appellant pled guilty to R.C. 4507.02(B)(1), driving under suspension, in municipal court. This statute provides: (B)(1) No person, whose driver's or commercial driver's license or permit or nonresident's operating privileges has been suspended or revoked pursuant to Chapter 4509. of the Revised Code, shall operate any motor vehicle within this state, or knowingly permit any motor vehicle owned by him to be operated by another person in the state, during the period of the suspension or revocation, except as specifically authorized by Chapter 4509. of the Revised Code. No person shall operate a motor vehicle within this state, or knowingly permit any motor vehicle owned by him to be operated by another person in the state, during the period in which he is required by section 4509.45 of the Revised Code to file and maintain proof of financial responsibility for a violation of section 4509.101 [4509.10.1] of the Revised Code, unless proof of financial responsibility is maintained with respect to that vehicle.
The charges in common pleas court were based on violations of R.C.4511.19(A)(1) and (3), driving under the influence of alcohol. This statute provides, in pertinent part: (A) No personal shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:
(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;
 * * *
(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath.
Clearly, based on the above statutes, under which appellant was charged, these are separate offenses because each provision requires proof of a fact which the other does not. Accordingly, we find the trial court properly denied appellant's motion to dismiss on double jeopardy grounds. Appellant's Second Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
By: Wise, P. J. Hoffman, J., and Farmer, J., concur.