The STATE of Ohio,

v.

RANKIN.

2004-Ohio-7329.]

Court of Common Pleas of Ohio,
Clermont County.

No. 2003 CR 878.

Decided Sept. 16, 2004.

---

Jason Nagel, Assistant Prosecuting Attorney, for plaintiff.

Gary A. Rosenhoffer, Assistant Public Defender, for defendant.

ROBERT P. RINGLAND, Judge.

{¶ 1} This matter came before the court pursuant to defendant Tabatha Marie Rankin's motion to dismiss a criminal charge brought under R.C. 2925.11(A), possession of cocaine. The charge stems from an incident occurring on or about November 19, 2003, in which the state alleges that a quantity of cocaine was found in the defendant's car. As a result of the same incident, on December 9, 2003, the defendant pleaded guilty to operating a vehicle under the

influence of alcohol or drugs in violation of R.C. 4511.19(A)(1). Rankin now seeks dismissal of the possession charge, arguing that it violates her right under the federal and Ohio Constitutions not to be put twice in jeopardy for the same offense. After having taken the matter under advisement, the court hereby renders the following decision.

██ {¶ 2} Both the Ohio and federal Constitutions protect against double jeopardy by prohibiting successive prosecutions as well as cumulative punishment for the same offense. Fifth Amendment to the United States Constitution; Section 10, Article I, Ohio Constitution; see *State v. Moss* (1982), 69 Ohio St.2d 515, 518, 23 O.O.3d 447, 433 N.E.2d 181; *State v. Rance* (1999), 85 Ohio St.3d 632, 634, 710 N.E.2d 699. In order to determine whether a state action violates either of these protections, a court must analyze the statutory elements of the crimes with which the defendant is charged in the abstract. See *Rance*, 85 Ohio St.3d at 637, 710 N.E.2d 699; *Whalen v. United States* (1980), 445 U.S. 684, 709–711, 100 S.Ct. 1432, 63 L.Ed.2d 715, citing *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. "[T]he test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." *Blockburger* at 304, 52 S.Ct. 180, 76 L.Ed. 306, citing *Gavieres v. United States* (1911), 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489.

{¶ 3} Defendant pleaded guilty to DUI under R.C. 4511.19(A)(1), which reads:

No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:

(1) The person is under the influence of alcohol, a drug of abuse, or a combination of them.

Thus in order to convict the defendant under the DUI statute the state had to prove that (1) the defendant operated a vehicle (2) within the state (3) while under the influence of a drug of abuse.

{¶ 4} The state now seeks to charge the defendant with possession of cocaine under R.C. 2925.11(A), which reads: "No person shall knowingly obtain, possess, or use a controlled substance." Thus, under this provision the state must prove that the defendant (1) knowingly (2) possessed (3) a controlled substance.

{¶ 5} Examination of the statutory elements leads the court to conclude that the state's prosecution of the defendant under the possession charge will not violate the constitutional prohibition against double jeopardy, since the two crimes cannot be considered the "same offense." Each requires proof of three elements not required to establish guilt under the other.

{¶ 6} Therefore, the defendant's motion to dismiss is hereby denied.

So ordered.