**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**TOETU SOLAITA, Defendant.**

High Court of American Samoa
Trial Division

CR No. 08-04

September 29, 2004

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Jeremy M. Kirkland, Assistant Attorney General
For Defendant, David P. Vargas

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

## Introduction

On January 28, 2004, Defendant Toetu Solaita, the program director of the American Samoa Department of Education School Lunch Program, was charged by the American Samoan Government with felony embezzlement, under A.S.C.A. § 46.4104, in connection with the alleged misappropriation of School Lunch Program food supplies and other items. On July 23, 2004, after having been contacted by the U.S. Department of Justice regarding possible federal charges relating to the same incidents, defendant waived indictment and entered a plea of guilty

73

in the United States District Court for the District of Hawaii for conspiracy to defraud the federal government in violation of 18 U.S.C. § 371. Defendant awaits trial in American Samoa on the territorial charge.

On August 3, 2004, Defendant filed a Motion to Dismiss the territorial charge on the basis that continued prosecution for embezzlement is barred by the double jeopardy clause of the federal and territorial constitutions in light of his plea of guilty in the federal case. Upon hearing this matter on September 22, 2004, and having considered the parties' submissions, defendant's motion is denied.

## Discussion

The double jeopardy clause under the 5th Amendment to the U.S. Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST., amend. V; *see also* REV. CONST. AM. SAMOA art. I, § 6 ("[n]o person shall be subject for the same offense to be twice put in jeopardy of life or liberty.").

### I. The "Same Offense" and the *Blockburger* Test

■ In interpreting what constitutes the "same offense" within the meaning of the double jeopardy clause, the Supreme Court has formulated the "same-elements" test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), which holds that a subsequent prosecution does not violate double jeopardy where each offense charged contains an element not contained in the other.[1] *See United States v. Dixon*, 509 U.S. 688 (1993); *see also Brown v. Ohio*, 432 U.S. 161 (1977); *Gavieres v. United States*, 220 U.S. 338 (1911). This Court has similarly determined that no double jeopardy exists where "each count requires a proof of fact which is not necessary for proof of the other count." *American Samoa Gov't v. Moafanua*, 4 A.S.R.2d 33, 35 (Trial Div. 1987).

In the current case, Defendant has been charged by the federal government and has entered a plea of guilty in the district court of Hawaii for violation of 18 U.S.C. § 371—*Conspiracy to Commit Offense or to Defraud the United States*. Section 371 provides that:

---

[1] Although the Court briefly departed from *Blockburger* in *Grady v. Corbin*, 495 U.S. 508 (1990), it reaffirmed the *Blockburger* test three years later in *Dixon*, stating that "the [Grady] case was a mistake." 509 U.S. at 711.

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

Defendant is also currently facing charges in American Samoa in violation of A.S.C.A § 46.4104—*Embezzlement*. Section 46.4104, a class C felony, states that:

A person commits the crime of embezzlement if he knowingly misappropriates property of another which has been entrusted to him or which has lawfully come under his control.

Defendant states that the charge of embezzlement is based on the "same conduct" as the federal conspiracy charge in violation of the double jeopardy clause because both charges arise from the same underlying incident. Yet, Defendant's mere repetition of the vague phrase "same conduct" does not establish that the charges in this case contain the "same elements" under the *Blockburger* test.

■ The Supreme Court, applying *Blockburger*, has long concluded that "a substantive crime and a conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes." *United States v. Felix*, 503 U.S. 378, 389 (1992); *see also Garrett v. United States*, 471 U.S. 773, 778 (1985) (stating that "conspiracy is a distinct offense from the completed object of the conspiracy"); *Pinkerton v. United States*, 328 U.S. 640, 643 (1946) ("[T]he commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses."). In *United States v. Bayer*, 331 U.S. 532, 541 (1947), for example, a military officer had been convicted in court-martial proceedings of discrediting the military by accepting payments in return for transferring soldiers to non-combat units. The Supreme Court concluded that his subsequent prosecution in federal court on charges of conspiring to defraud the government was not barred by the double jeopardy clause, despite the fact that it was based on the same underlying incident, because under the charge of conspiracy, "the agreement to do the act is distinct from the act itself." *Id.* at 542.

So too in the present case. Under the territorial embezzlement charge, Defendant is alleged to have knowingly misappropriated School Lunch Program property. Under the federal conspiracy charge, Defendant allegedly conspired to misappropriate the same property. Thus, while Defendant may be correct in observing that the federal and territorial charges relate to the same circumstances, Defendant is incorrect when he concludes that the separate charges of committing the act and conspiring to commit the act twice put him in jeopardy of life of liberty for the same offense.

## II. The Issue of Separate Sovereigns

Having found that the two charges do not contain the "same elements""within the meaning of *Blockburger*, our opinion need not turn, as Defendant contends, on the issue of whether American Samoa should be regarded as a separate sovereign, for under either position our holding would be the same.

■ Under the "separate sovereigns" doctrine, each state has the power under its "inherent sovereignty," separate from the federal government, to punish an individual for an offense to the peace and dignity of that state. *See Heath v. Alabama*, 474 U.S. 82, 89 (1985). Thus, a state is free to punish criminal conduct even if the same individual has been convicted under federal law for a similar offense growing out of the same occurrence. *See, e.g., United States v. Wheeler*, 435 U.S. 313, 316-317, 320 (1978).

■ Defendant correctly points out that in the past this doctrine has not been held to apply to territorial courts. Indeed, the Supreme Court stated as much in *Heath*, noting that "successive prosecutions by Federal and territorial courts are barred because such courts are 'creations emanating from the same sovereign.'" 474 U.S. at 90 (citing *Puerto Rico v. Shell Co.*, 302 U.S. 253, 264 (1937)).

The restriction in *Heath*, however, refers to prosecutions in which the defendant was charged with the "same offense" in the territory and the federal government, not the separate offenses that are at issue here. 474 U.S. at 88;[2] *see also Puerto Rico*, 302 U.S. at 264-65. For example, in *Government of Virgin Islands v. Dowling*, defendants had been charged with assault in the Virgin Islands, a crime which would have been deemed to "merge" with the federal crime of robbery, for which they

---

[2] Indeed, the *Heath* Court states that "[t]he sole remaining question upon which we granted certiorari is whether the dual sovereignty doctrine permits successive prosecutions under the laws of different States *which otherwise would be held to subject the defendant for the same offence to be twice put in jeopardy*." *Id.* (emphasis added).

were separately charged in federal court. 633 F.2d 660, 669 (1980). Reasoning that the territorial law emanated from the same federal sovereign, the court concluded that the territorial charge would constitute double jeopardy because it in effect would allow the federal government to charge the defendants twice with assault. *Id.* At the same time, however, the *Dowling* court reasoned that the federal government was not barred by the double jeopardy clause to separately charge defendants with conspiracy to rob the bank and actual robbery, because "[i]t is well established that conspiracy to commit a substantive offense and the commission of the substantive offense itself are separate crimes and punishable as such." *Id.* at 668.

Consequently, because both a single sovereign and separate sovereigns may seek charges against an individual where each charge requires proof of a fact which is not necessary for proof of the other charge, the question of American Samoa's sovereign status to the federal government is irrelevant to our holding in this motion.

## Conclusion

The federal and territorial charges brought against Defendant constitute separate offenses within the meaning of both the United States and American Samoa double jeopardy clauses. Therefore, Defendant's motion to dismiss is denied.

It is so ordered.

