**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**FA`AU M. SEUMANUTAFA, Defendant,**

High Court of American Samoa
Trial Division

CR No. 35-03

November 8, 2004

Before RICHMOND, Associate Justice, ATIULAGI, Associate Judge, and MAMEA, Associate Judge.

Counsel: For Plaintiff, Jeremy M. Kirkland, Assistant Attorney General
For Defendant, David P. Vargas

## ORDER DENYING MOTION TO DISMISS ON DOUBLE JEOPARDY GROUNDS

### Introduction

By information filed in this Court on October 27, 2003, Plaintiff American Samoan Government ("ASG") charged Defendant Fa`au Seumanutafa with 18 counts of felony stealing under A.S.C.A § 46.4103, a class C felony, and 15 counts of violating standards of ethical conduct under A.S.C.A. § 10.0292, a class B misdemeanor, allegedly committed while Defendant held the office of ASG's Chief Procurement Officer at various times, beginning on or about November 1, 2001, until on or about September 7, 2003. On June 4, 2004, pursuant to a plea agreement with ASG, Defendant entered a plea of guilty to felony stealing charged in Count 1 of the information. We accepted the plea agreement and Defendant's pleas of guilty, and in accordance with the agreement, granted ASG's motion to dismiss the remaining counts in the information. We scheduled sentencing on February 18, 2005. Defendant is subject to sentencing on the territorial offense for

imprisonment up to seven years and a fine up to $5,000. Alternatively, he could be granted probation for a term up to five years, detention up to 28 months, the maximum fine, restitution of the full amount of the loss caused by Defendant to ASG, and other appropriate conditions.

On May 21, 2004, pursuant to a plea agreement with the United States Government in the United States District Court for the District of Hawaii, Defendant formally waived federal indictment and entered a plea of guilty, at arraignment before a federal magistrate, to one count charged by information of conspiracy to defraud the United States Government, during the period from on or about February 1, 2001, to on or about September 18, 2003, in violation of 18 U.S.C. § 371. On June 8, 2004, the Chief Judge of the District Court accepted Defendant's guilty plea and adjudicated him guilty of committing the conspiracy offense. Defendant awaits sentencing on the federal offense scheduled for February 2005. He is subject to imprisonment of up to five years and a fine up to $250,000, plus a term of supervised release of two to three years, and restitution of the full amount of the loss caused to the United States Department of Education and Department of the Interior.

On September 14, 2004, Defendant filed a motion to dismiss the territorial charge on the ground that the continuing prosecution for stealing is barred by the double jeopardy clause of the federal and territorial constitutions in light of his guilty plea to conspiracy in the federal case. Having had the benefit of a hearing on October 14, 2004, and after consideration of the parties' submissions, Defendant's motion is denied.

## Discussion

This court has very recently addressed this identical issue in *American Samoa Gov't v. Solaita*, 9 A.S.R.3d 73, 77 (Trial Div. 2004), concluding that under similar circumstances double jeopardy had not been violated where a party faces both a federal conspiracy charge and a substantive territorial charge. We see no basis to alter the reasoning behind that holding, and therefore apply it here with additional discussion.

■ The Revised Constitution of American Samoa holds that "[n]o person shall be subject for the same offense to be twice put in jeopardy of life or liberty." REV. CONST. AM. SAMOA art. I, § 6. This mirrors the double jeopardy clause under the 5th Amendment to the U.S. Constitution, providing that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V.

## I. The *Blockburger* Test

In *American Samoa Gov't v. Moafanua*, 4 A.S.R.2d 33 (Trial Div. 1987), we determined that separate offenses do not constitute double jeopardy when "each count requires a proof of fact which is not necessary for proof of the other count." Our test is modeled on the principles of the "same-elements" test set forth by the U.S. Supreme Court. In *Blockburger v. United States*, 284 U.S. 299 (1932), the Court concluded that a subsequent prosecution does not violate double jeopardy where each offense charged contains an element not contained in the other. *See United States v. Dixon*, 509 U.S. 688 (1993); *see also Brown v. Ohio*, 432 U.S. 161 (1977); *Gavieres v. United States*, 220 U.S. 338 (1911). Defendant suggests that this is not the proper test for double jeopardy. Yet, while it is true that the Supreme Court briefly departed from *Blockburger* in *Grady v. Corbin*, 495 U.S. 508 (1990), it reaffirmed the *Blockburger* test three years later in *Dixon*, stating that "the [*Grady*] case was a mistake" and that "the 'same-conduct' rule it announced is wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy." 509 U.S. at 705, 711.

Here, Defendant has been charged by the federal government and has entered a plea of guilty in the District Court of Hawaii to conspiracy to commit an offense against or to defraud the United States in violation of 18 U.S.C. § 371. Section 371 holds that:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

> If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

Defendant is also currently facing charges in American Samoa of felony stealing in violation of A.S.C.A § 46.4103. Section 46.4103(a), states that:

> A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him of it, either without his consent or by means of deceit or coercion.

Defense counsel states, as he did in the unrelated matter of *American Samoa Gov't v. Solaita*, that the charge of stealing is based on the "same conduct" as the federal conspiracy charge and is thus in violation of the double jeopardy clause because both charges arise from the same underlying incident. Again, not only does his position misread the correct state of the law, but so too does it not stand on its own two feet.

The Supreme Court, has long concluded "that a substantive crime and a conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes." *United States v. Felix*, 503 U.S. 378, 389 (1992); *see also Garrett v. United States*, 471 U.S. 773, 778 (1985) (stating that "conspiracy is a distinct offense from the completed object of the conspiracy"); *Pinkerton v. United States*, 328 U.S. 640, 643 (1946) ("[T]he commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses."). As we noted in *American Samoa Gov't v. Solaita*, *United States v. Bayer*, 331 U.S. 532, 541 (1947) is one pertinent example of this principle. *See Solaita*, 9 A.S.R.3d at 75. In *Bayer*, a military officer was convicted in court-martial proceedings after improperly accepting payments in return for transferring soldiers to non-combat units. The Supreme Court concluded that a subsequent federal prosecution for conspiracy to defraud the government was not barred by the double jeopardy clause because "the agreement to do the act is distinct from the act itself." *Id.* at 542.

So too, in the present case. Under the territorial stealing charge, Defendant is alleged to have knowingly misappropriated property of another with the intent to deprive him of it, whereas under the federal conspiracy charge, Defendant allegedly conspired to misappropriate the same funds. The two charges involve proof of elements entirely different from the other because the federal charge addresses the agreement of parties to act illegally, while the territorial charge analyzes the substantive elements of the crime contemplated by such alleged conspiracy.

Even if we were to entertain, *arguendo*, Defendant's "same conduct" test as the appropriate law, he would also fail for the reasons above. In *United States v. Felix*, prior to the *Dixon* Court's reaffirmation of *Blockburger*, the Supreme Court applied the *Grady* "same conduct" test to determine, in part, if a charge of conspiracy and a substantive offense involved the "same conduct" so as to violate double jeopardy. 503 U.S. at 389. Analyzing under *Grady* whether "to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted" the *Felix* court reasoned, as have we, that despite *Grady*, a substantive crime and a conspiracy to commit that crime fail under the "same conduct" test to constitute double jeopardy. *Grady*, 495 U.S. at 510; *Felix*, 503 U.S. at 388-91. Stated quite simply,

under either analysis the planning and conspiring to commit the crime and the actual act of doing it constitute neither the "same conduct" nor contain the "same elements" to raise double jeopardy concerns.

## II. The "Separate Sovereigns" Doctrine

Having once again discussed this issue in *Solaita*, 9 A.S.R.3d at 76, we see no reason to elaborate upon our earlier position that our decision need not turn on the "separate sovereign" doctrine.

Under the "separate sovereigns" doctrine, each state has inherent sovereignty separate from the federal government to punish an individual for an offense to the peace and dignity of that separate sovereign. *See Heath v. Alabama*, 474 U.S. 82, 89 (1985). Thus, the doctrine holds that a state is free to punish criminal conduct even if the same individual has been convicted under federal law for a similar offense growing out of the same occurrence. *See, e.g., United States v. Wheeler*, 435 U.S. 313, 316-317, 320 (1978). On the other hand, the Supreme Court has previously stated that because territorial courts are "creations emanating from the same sovereign," successive prosecutions by federal and territorial courts are instead barred because they offend the peace and dignity of only a single entity. *Heath*, 474 U.S. at 90.

Whether or not the reasoning in *Heath* applies to American Samoa is not of concern here. Because both a single sovereign and separate sovereign may charge a party for a substantive crime and conspiracy to commit that crime without offending double jeopardy, this Court's view of our sovereignty status is irrelevant to our holding.

## Order

The federal and territorial charges against Defendant are separate and distinct offenses within the meaning of both the United States and American Samoa double jeopardy clauses. For the above reasons, Defendant's motion to dismiss is therefore denied.

It is so ordered.